LANSFORD JOHNSON v. EMPLOYERS LIABILITY ASSURANCE CORPORATION, LIMITED.

No. 6986.   Decided January 26, 1938.
Rehearing overruled April 27, 1938.
(112 S. W., 2d Series, 449.)

*E. W. Napier*, of Wichita Falls, for plaintiff in error.

In a hernia case, under the Workmen's Compensation Law, the court was not required, upon motion of the insurance company made after the trial had been in progress for two days to "suspend further hearing on the merits and have entered an order requiring the insurance company to provide the operation," and continue the case to await the outcome. Bankers Lloyds v. Pollard, 40 S. W. (2d) 859; Columbia Casualty Co. v. Ray, 5 S. W. (2d) 230; Price v. Garvin, 69 S. W. 985.

*W. B. Handley* and *C. J. Shaeffer*, both of Dallas, for defendant in error.

It was error for the trial court to fail to halt the trial to require the plaintiff to undergo an operation where he expressed his willingness so to do in the midst of the trial and the defend-

ant thereupon tendered him an operation both at that time and at the conclusion of all the testimony. Texas Employers' Ins. Assn. v. Neatherlin, 48 S. W. (2d) 967; Ellis v. U. S. Fid. & Guar. Co., 6 S. W. (2d) 811; Texas Emp. Ins. Assn. v. Henson, 31 S. W. (2d) 671.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

Judgment in a lump sum was entered by the trial court for the compensation claimant in this case. This case was tried upon the theory that claimant suffered a general injury resulting in total incapacity from two different accidents, one in December, 1932, and the other in July, 1933. The claimant alleged "a left and a right inguinal hernia" as the result of such injuries. During the trial the compensation carrier tendered a hernia operation. The Court of Civil Appeals held:

"The appellee on the witness stand expressly stated that he was willing to undergo the operation. Under such circumstances, the trial court should have suspended further hearing on the merits and have entered an order requiring the Insurance Carrier to provide the operation, and should have continued the cause to await the outcome." Employers Liability Assurance Corp. v. Johnson, 84 S. W. (2d.) 894.

1 Respecting the same question the Supreme Court in the recent case of Tally v. Texas Employers' Ins. Assn., 129 Texas 134, 102 S. W. (2d) 180, says:

"In this regard, when a hernia case reaches a court, the rights of the parties have already become fixed by the events previously transpiring, and the court only has the power and jurisdiction to finally try the case and enter one final judgment. The court in this case has no power to require a hernia operation."

Under this last authority, the Court of Civil Appeals erred in its reason for reversing and remanding the cause. The two holdings are so plainly contradictory that any discussion is unnecessary. All related questions pass out of the case under this authority and will not be mentioned.

As stated above, the present case was tried upon the theory that two distinct hernias were caused by two different accidents and that together they produced a general injury resulting in total incapacity. Only the first is involved in controversy. It happened in December, 1932, and no claim was filed with the Industrial Accident Board until about August 15, 1933, which

was beyond the six months period required by law. As "good cause" for failing to file earlier the claimant alleged:

" * * * he did not know the nature or extent of the injury, and was not disabled therefrom until about the time of the filing of his claim on or about the 15th day of August, 1933, * * * ."

**2** The jury in response to appropriate issues found that the claimant sustained a hernia December, 1932, in falling from a pipe line, that same appeared suddenly and immediately following the injury, that it did not exist in any degree prior to such injury and that same was accompanied by pain. The evidence of claimant sustained these findings and will not be repeated. The "good cause" alleged was solely and only a lack of knowledge of the nature and character of the injury. The claimant was restricted to proof and submission of this fact only to show good cause. None other was alleged, nor is here claimed as showing the "good cause" required. Therefore the establishment of this controlling fact constituted "good cause" as a matter of law. It was indispensably necessary to allege and prove this as a jurisdictional fact. No such fact issue was submitted to the jury, and if it had been, an affirmative finding would have had no support in the evidence.

If, as found by the jury, the claimant had an injury producing a hernia in December, which appeared immediately and caused pain, it overtaxes human credulity to believe he did not find it out until the following August. About as plausible would be the contention that a claimant lost his forefinger but did not know it until eight months after, when, as here, the testimony shows he was apparently normal and going about his daily life as usual. Here we have the paradoxical situation of a jury knowing he had a hernia, but the party, who bore upon his body the evidence of it, and who suffered the pain, was without knowledge of that which he could see and feel. If he did not know it by its medical name, he unquestionably knew he had the injury. This placed upon him in our opinion the duty to file a claim, in the absence of some excuse other than lack of knowledge of the technical name of his injury.

**3** If upon another trial the evidence raises the issue, the trial court should submit the question of the existence of the exact facts pleaded to show "good cause," for failure to file a claim if such facts are in dispute. A fact issue is generally present when the evidence comes solely from an interested witness.

**4** The general principles of law announced above are sustained

pointedly or by analogy in the following cases, some of which we quote:

"It is well settled by the decisions in this state that if a claim for compensation be not filed with the Industrial Accident Board within six months after the accidental injury is received (in this case November 15, 1928) as required by the statute, the claimant must then allege and show good cause excusing the delay until the claim is filed. Article 8307, Sec. 4a, Vernon's Ann. Civ. St.; Holloway v. Texas Indemnity Ins. Co., (Tex. Com. App.) 40 S. W. (2d) 75; Ocean Accident & Guarantee Corporation v. Pruitt, (Tex. Com. App.) 58 S. W. (2d) 41; Petroleum Casualty Co. v. Fulton, (Tex. Civ. App.) 63 S. W. (2d) 1068; Durham v. Texas Indemnity Ins. Co., (Tex. Civ. App.) 60 S. W. (2d) 255; Texas Indemnity Ins. Co. v. Williamson, (Tex. Civ. App.) 59 S. W. (2d) 232; Texas Employers' Ins. Co. v. Jones, (Tex. Civ. App.) 70 S. W. (2d) 791; Texas Employers' Ins. Assn. v. Eaton, (Tex. Civ. App.) 69 S. W. (2d) 569; Morgan v. Petroleum Casualty Co., (Tex. Civ. App.) 40 S. W. (2d) 205; Texas Indemnity Ins. Co. v. Bailey, (Tex. Civ. App.) 297 S. W. 1042; New Amsterdam Casualty Co. v. Scott, (Tex. Civ. App.) 54 S. W. (2d) 175 (writ ref.); New Amsterdam Casualty Co. v. Chamness, (Tex. Civ. App.) 63 S. W. (2d) 1058 (writ ref.); Texas Employers' Ins. Assn. v. Wallace, (Tex. Civ. App.) 70 S. W. (2d) 832; Texas Employers' Ins. Assn. v. Whiteside, (Tex. Civ. App.) 77 S. W. (2d) 767, 768.

"The last four cases were decided by this court. In the Whiteside Case we said, concerning the proposition of pleading and proving good cause in such cases: 'This is a jurisdictional matter. Strict compliance with the statutory provision for the filing of such claims is required, and, without allegations and proof of good cause for failure to comply with this provision, the courts have no jurisdiction of the cause.' " Fox v. Texas Employers' Ins. Assn., 94 S. W. (2d) 569.

"In this condition of the record it was error not to limit the jury in its answer to a consideration of those facts pleaded as constituting good cause. * * *

"No rule of appellate procedure is better established than that parties are restricted in the appellate courts to the theory on which the case was tried in the lower court. 3 Tex. Jur., Sec. 111, p. 168 et seq." New Amsterdam Casualty Co. v. Scott, 54 S. W. (2d) 175.

It is argued in substance and effect that the claimant here has purposely evaded the provisions of our hernia statute by

362

filing a formal claim with the board, had it denied, and then sued in court for a general injury. Suffice it to say in reply thereto that such question is not properly before us for decision in this case. Appropriate relief from such a situation will be afforded, if and when the question is squarely and correctly presented.

The Court of Civil Appeals correctly reversed and remanded the present case, but gave an incorrect reason therefor. Its judgment is therefore affirmed.

Opinion adopted by the Supreme Court January 26, 1938.

Rehearing overruled April 27, 1938.