# Texas Employers' Insurance Association v. G. A. Rorerts.

No. 7436.  Decided April 24, 1940.
Rehearing overruled June 5, 1940.
(139 S. W., 2d Series, 80.)

124

*T. R. Boone* and *Kearby Peery*, of Wichita Falls, for plaintiff in error.

A mere pleading and finding to the effect that plaintiff thought that his injury was trivial over a period of two years is insufficient as a matter of law to constitute good cause for not filing a claim for workmen's compensation within the two years period allowed by statute. Morgan v. Petroleum Casualty Co. 40 S. W. (2d) 205; Durham v. Texas Ind. Co., 60 S. W. (2d) 255; General Accident Fire & Life Assurance Corp. v. Martin, 110 S. W. (2d) 258.

On the question of the burden being on plaintiff to prove that disability was result of past injury; Texas Emp. Ins. Assn. v. Hilderbrandt, 62 S. W. (2d) 209; Traders & Gen. Ins. Co. v. Russell, 99 S. W. (2d) 1079.

*Napier & Napier*, of Wichita Falls, for defendant in error.

Where plaintiff believes his injury to be trivial and no disability in fact resulted until about the time his claim was filed, good cause for failure to file the claim within the statutory period is established. Texas Emp. Ins. Assn. v. Clark, 23 S. W. (2d) 405, writ dismissed; New Amsterdam Casualty Co. v. Chamness, 63 S. W. (2d) 1058, writ refused; Consolidated Underwriters v. Seale, 237 S. W. 642.

On question of where burden of proof should be placed. Ford Motor Co. v. Maddin, 124 Texas 131, 76 S. W. (2d) 474; National Ind. Underwriters v. Rocamontes, 110 S. W. (2d) 228.

Mr. Presiding Judge Smedley delivered the opinion of the Commission of Appeals, Section B.

This is a Workmen's Compensation case. The Court of Civil Appeals affirmed the judgment of the trial court in favor of defendant in error, the employee, against plaintiff in error, the insurer, for compensation payable in installments of $10.50 per week for a period of 297 weeks, on account of injury suffered by plaintiff in error in the course of his employment. 116 S. W. (2d) 417.

Most of the assignments of error relied upon for reversal present two contentions: First, that good cause for defendant in error's failure to file his claim within six months from the date of his injury has not been sufficiently pleaded and has not been proven; and second, that the trial court was without authority to render judgment measured by a wage rate found by the jury under Subsection 3 of section 1 of Article 8309 of the Revised Civil Statutes of 1925, when the jury had found in effect that there were other employees of the same class who had worked substantially the whole of the year immediately preceding the time of plaintiff's injury.

The allegations of defendant in error, plaintiff in the trial court, bearing upon the question of good cause for delay in filing the claim are in substance as follows: The injury to plaintiff occurred on September 10, 1934, when he was struck violently over the left eye by a piece of heavy pipe. His skull was fractured and he was otherwise injured. Plaintiff does not know the exact nature of his injury but as a result thereof he has suffered excruciating pain and has developed a sinus infection. By reason of his injury and the resulting sinus infection plaintiff has been, ever since September 1, 1936, totally disabled, which condition is permanent. The allegation having particular reference to delay in filing the claim is:

"Plaintiff alleges if he did not give notice of his injury or file his claim with the Industrial Accident Board within the time prescribed by law, then the reason for his failure to do so, if he did so fail, was that his disability did not arise until about the time that said claim was filed, and he believed up until that time that his injury was trivial, and that it would not result in any injury or in any disability, and by reason of the foregoing allegations good cause existed for his failure to give said notice of injury and file his claim for compensation as hereinabove alleged, if he did so fail."

■ The pleading is in our opinion sufficient against general demurrer. The reasons for this conclusion will appear from what is hereinafter said with respect to the facts in evidence.

The jury found in answer to special issues that on September 10, 1934, plaintiff sustained an injury in the course of his employment and suffered total and permanent disability as the result of the injury and that his total disability commenced on or about September 8, 1936. It further found that plaintiff believed until about the time his claim was filed that his injury would not disable him; that such belief prevented him from filing his claim up until the time it was filed; and that a reasonably prudent person situated as plaintiff was situated would have for such reason so delayed the filing of his claim.

The evidence tending to support the findings of the jury above referred to, most of which is taken from the testimony of plaintiff, is in substance as follows: The injury occurred September 10, 1934, while plaintiff was working as a laborer in an oil field for Tucker Oil Company, and the claim was filed September 1, 1936. The blow from the pipe made a cut on plaintiff's head above his left eye about an inch and a quarter long. He went to Dr. Carpenter, who took four stitches in the cut. He remained at home until the third or fourth day and returned to work, but worked only half a day because his eye swelled so that he could not see. He remained at home two more days, returned to his work and continued on the job thereafter until August 1935, when his employer, Tucker Oil Company, cut its pay roll and he was "laid off." Thereafter he did extra work for various oil companies.

Following his injury plaintiff suffered almost constantly from pains in the left side of his head. He did not think the pain was serious. It did not prevent him from working and he believed he would recover. It was for these reasons that he did not file claim for compensation. About September 1, 1936, the pain became more violent and serious and plaintiff went to a lawyer and to Dr. Adams, an eye, ear, nose and throat specialist.

Dr. Adams testified that he found from examination of plaintiff and subsequent treatments of him that he was suffering from infection in the left ethmoid sinus, which is under the eye and back near the brain. He expressed the opinion that the condition was of long standing, was progressive and evidently getting worse; that the injury was probably permanent; and that plaintiff would not be able to work in an oil field. Dr. Adams testified further that in his opinion the infection of the ethmoid sinus was probably caused by the injury suffered by plaintiff when he was struck on the head in September, 1934.

Dr. Carpenter, who treated plaintiff when he was first in-

jured, and who was a witness for defendant, testified that the wound healed quickly and plaintiff returned to work in a few days; that he saw plaintiff again on September 19, 1934, and he apparently had a normal recovery; that plaintiff came to him again August 28, 1935, complaining of loss of vision and dizziness; that he examined the wound at that time and sent plaintiff to Dr. Johnson, an eye, ear, nose and throat specialist. Dr. Carpenter testified that plaintiff was not disabled when he examined him in August, 1935. Dr. Johnson, called as a witness by defendant, testified that he examined plaintiff's eyes in August, 1935, found no abnormal condition except eye strain and advised plaintiff to get glasses. He did not examine the sinuses.

■ It is in our opinion apparent from the foregoing statement of some of the evidence that the jury's answers to the issues relating to good cause for the plaintiff's delay in filing claim are not without evidence to support them. According to plaintiff's testimony, he was during the period from the time of his injury to the time when his claim was filed able to work and did work and believed that his injury was not serious, although he suffered from headaches. The fact that he was not disabled during that time is indicated also by the testimony of Dr. Carpenter and Dr. Johnson, and their evident belief that his injury was not serious tends to prove the truth of plaintiff's statement that he did not believe it was serious. The evidence in our opinion brings the case within the rule stated by Judge Hickman in Texas Employers' Insurance Association v. Clark, 23 S. W. (2d) 405, 408, as follows:

"That the employee did not believe his injuries to be serious would clearly afford a good cause for not giving notice and filing claim until it was learned that they were serious. Compensation is not provided for pain and suffering, but for loss of wages, and there would arise no necessity for giving notice or filing a claim so long as the employee lost no time from his work, but believed his injuries were trivial."

The existence of the same rule, though somewhat more narrowly defined, was recognized by Judge Sibley in Mayer v. Associated Indemnity Corporation (U. S. C. C. A.) 108 Fed. (2d) 89, in which he said that while ordinarily belief that the injury will not get well does not excuse timely claim, "there may arise cases where the injury appears so trifling and the result so unexpectedly serious, that the case may present 'good cause' for not filing."

In the Mayer case and in other cases relied upon by plaintiff in error, of which General Accident Fire & Life Assurance Corporation v. Martin, 110 S. W. (2d) 258, is a fair example, it was conclusively shown by the plaintiff's pleading or testimony or by undisputed evidence that the injury was not trival and that the plaintiff long before he filed his claim knew, or as a reasonably prudent person should have known, that the injury was serious and had caused or would cause incapacity. It was on that account held in such cases that no proof had been made of good cause for delay in filing claim.

The instant case differs from those cases in that there is evidence in this case, as above set out, from which the inference may fairly be drawn that until the time when the claim was filed the plaintiff believed and was reasonably justified in believing that his injury was not serious and would not disable him.

The case is peculiar on account of the nature of the injury, infection of the ethmoid sinus caused, according to evidence offered by plaintiff and the jury's verdict, by a blow on the head. The seriousness of such injury was not necessarily apparent to the injured employee as it was in the hernia cases, Johnson v. Employers' Liability Assurance Corporation, 131 Texas 357, 112 S. W. (2d) 449, and New Amsterdam Casualty Company v. Kellar, 62 S. W. (2d) 637.

■ We do not hold that good cause for delay in filing claim can be shown in every case by allegation and testimony of the plaintiff that he was not fully aware of his physical condition. Our decision is that the evidence in this case is sufficient to raise the issue of good cause. Ordinarily the question whether good cause exists for not filing a claim for compensation within six months after the occurrence of the injury is a question of fact. Williamson v. Texas Indemnity Insurance Company, 127 Texas 71, 75, 90 S. W. (2d) 1088; Cunningham v. Fidelity & Casualty Insurance Company, 102 S. W. (2d) 1106; Scott v. Texas Employers' Insurance Association, 118 S. W. (2d) 354, (application for writ of error refused). The evidence brings this case within that general rule.

■ By several assignments of error plaintiff in error complains of the action of the trial court in rendering judgment measured by a wage rate found by the jury under Subsection 3 of Section 1 of Article 8309 of the Revised Civil Statutes of 1925, when the jury had in effect found that there were other employees of the same class who had worked substantially the

whole of the year immediately preceding the time of plaintiff's injury.

The jury found in answer to special issue No. 14 that the plaintiff did not work, in the employment in which he was engaged at the time of his injury, substantially the whole of the year immediately preceding the injury. This finding is supported by evidence.

The fifteenth special issue is as follows: "Do you find from a preponderance of the evidence that there was no other employee of the same class as the plaintiff, who worked substantially the whole of the year immediately preceding the time of plaintiff's injury, if any, in the same or in a similar employment, in the same or a neighboring place." The jury answered "No."

In answer to the sixteenth special issue the jury found as an average weekly wage, deemed just and fair to both, the sum of $17.50. Plaintiff filed a written motion that the court disregard the jury's finding in answer to special issue No. 15 and render judgment for plaintiff for the sum of $10.50 per week, being sixty per cent of the average weekly wage as found by the jury in answer to special issue No. 16, the motion alleging that the jury's answer to special issue No. 15 had no support in the evidence, in that all of the evidence showed conclusively that there was no such other employee and that the nature of the work was such that one could not work in such employment more than half of the time. The motion was granted, after notice and hearing, and judgment accordingly rendered. There is contained in the judgment the recital that the court finds that the jury's answer to special issue No. 15 has no support in the evidence and that the court further finds that there was no other employee of the same class as the plaintiff who worked substantially the whole of the year immediately preceding the plaintiff's injury in the same or similar employment.

The only evidence in the statement of facts relevant to issue No. 15 is the testimony of the plaintiff, the substance of which is as follows: He had lived in the oil field in Wichita County west of Burkburnett about nine years and had worked for Tucker Oil Company with the connection gang and doing relief pumping and as a roustabout from 1930 to 1934, when he was injured. During the year immediately preceding his injury he worked not exceeding two-thirds of the time. He was familiar with oil field work in Wichita County and surrounding counties, having followed it for eleven years, and knew working conditions in the neighborhood for more than

a year before he was hurt. He "will say" that a man working with a connection gang in the oil field where he was employed during the year before he was hurt, or in any other oil field in the neighborhood, could work only about a fourth of the time, this being because the nature of the work was such that it could not be carried on all of the time.

As was held in American Employers' Insurance Company v. Singleton, (Com. App.) 24 S. W. (2d) 26, approved by the court, the burden of proof was on the plaintiff claiming compensation to offer legal evidence establishing an average weekly wage under one of the three subsections of Section 1 of Article 8309 of the Revised Civil Statutes, and further the burden was on him to show by competent evidence that it was impracticable to compute the average weekly wage under either Subsection 1 or Subsection 2 before resort could be had to Subsection 3. Plaintiff obtained a jury finding, supported by evidence, that it was impracticable to compute the average weekly wages under Subsection 1. He failed, however, to obtain a jury finding that it was impracticable to compute the wage rate under Subsection 2. As to that subsection the jury's finding made in answer to special issue No. 15 was against the plaintiff, it being that the jury did not find from a preponderance of the evidence that there was no other employee of the same class who had worked substantially the whole of the year immediately preceding the time of plaintiff's injury. According to this finding, the plaintiff failed to establish by competent evidence that it was impracticable to compute the average weekly wage rate under Subsection 2.

■■The trial court had no authority to disregard the jury's answer to special issue No. 15 and render judgment for compensation measured by a wage rate found by the jury, in answer to special issue No. 16, under Subsection 3, unless Article 2211 of the Revised Civil Statutes as amended in 1931 (Acts Regular Session, 42nd Legislature, Ch. 77) authorized such action. Article 2211 as amended provides that upon motion and reasonable notice the court may disregard any special issue jury finding that has no support in the evidence. Defendant in error contends that the jury's answer to special issue No. 15 is wholly without evidence to support it and that the trial court correctly disregarded it, because it is shown by uncontradicted evidence that there were no other employees who worked substantially the whole of the immediately preceding year in the same or in a similar employment. The fault in the position thus taken is that the only evidence bearing upon the

issue is the testimony of the plaintiff. Simmonds v. St. Louis B. & M. Ry. Co., 127 Texas 23, 27, 91 S. W. (2d) 332. On account of that fact the issue should have been submitted to the jury and the trial court was not authorized to disregard the jury's answer. It was within the province of the jury to disregard the plaintiff's testimony. "As to the testimony of interested witnesses, the general rule is that, while the jury has no right arbitrarily to disregard the positive testimony of unimpeached and uncontradicted witnesses, the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury. Stated in another form, the rule is that the uncontradicted, uncorroborated testimony of a party to a suit will not authorize or support an instructed verdict." Simmonds v. St. Louis B. & M. Ry. Co. (supra) ; Pope v. Beauchamp, 110 Texas 271, 280, 219 S. W. 447; Sonnentheil v. Christian Moerlein Brewing Company, 172 U. S. 401, 43 L. Ed. 492, 495, 19 Sup. Ct. 233; Mills v. Mills, (Com. App.) 228 S. W. 919; Burleson v. Tinnin, 100 S. W. 350, (application for writ of error refused) ; Traders & General Insurance Co. v. Milliken, 87 S. W. (2d) 503, 505.

The plaintiff's testimony, the substance of which has been hereinbefore stated, is not so clear, positive and unequivocal upon the point at issue and of such nature and given under such circumstances as to bring it within the exception to the above quoted rule and authorize the trial court to give conclusive effect to it. Great Southern Life Insurance Company v. Dorough, 100 S. W. (2d) 772, 775-776; Springfield Fire & Marine Insurance Company v. Wm. Cameron & Company, 96 S. W. (2d) 788; Simonds v. Stanolind Oil & Gas Company, 134 Texas 332, 114 S. W. (2d) 226, 136 S. W. (2d) 207, 208; Traders & General Insurance Co. v. Milliken, 87 S. W. (2d) 503, 505.

It is our opinion, after careful examination of the statement of facts, that the jury's findings that plaintiff's disability was caused by the injury and that his disability was total and permanent are not without evidence to support them.

Because of the trial court's error in disregarding the jury's finding in answer to special issue No. 15, the judgments of the district court and the Court of Civil Appeals are reversed and the cause is remanded to the district court.

Opinion adopted by the Supreme Court April 24, 1940.

Rehearing overruled June 5, 1940.