## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. CHANCEY.

### No. 4051.

Court of Civil Appeals of Texas. Beaumont.
Nov. 19, 1942.

Rehearing Denied Dec. 9, 1942.

C. M. Hightower and Vinson, Elkins, Weems & Francis, all of Houston, for appellant.

W. T. McNeill, of Beaumont, and Elton B. Cochran, of Port Neches, for appellee.

WALKER, Chief Justice.

This is a compensation case, with appellant, Zurich General Accident & Liability Insurance Company, Ltd., the compensation insurance carrier, Pure Oil Company the employer, and appellee, W. E. Chancey, the employee. On the verdict of the jury, judgment was for appellee for the sum of $2,969.40, as for permanent partial disability, from which appellant has regularly prosecuted its appeal. All assignments relate to the issue of "good cause"; there is no assignment against the jury's findings on any other issue.

The first point is that the evidence did not raise in appellee's favor the issue of "good cause," and for that reason appellant insists that it should have had an instructed verdict. This contention is overruled on the following statement: On the 12th of August, 1938, appellee sustained a hernia in the course of his employment. On the 31st day of July, 1941, he was discharged by his employer on the ground that he was "physically unfit" to work. He filed his claim with the Industrial Accident Board on the 8th day of September, 1941. Appellee knew immediately after his injury that he had sustained a hernia, and the next day so advised his employer. Appellant was given due notice of appellee's injury, and immediately after the injury was received its doctor took him in charge. Appellant did not tender appellee the operation authorized by Sec. 12b, Art. 8306, for the reason that its doctor who was treating appellee advised him that, if attempted, in his judgment the operation would not be successful. This doctor treated appellee for hernia for more than a year. From the date of his injury on the 12th of August, 1938, until the date he was discharged on the 31st day of July, 1941, appellee continued in his employment. During all that time he suffered no disability.

Appellee did not file his claim as for a hernia, a specific injury, but his claim was for a general injury resulting from the hernia. On these facts appellant was not entitled to an instructed verdict. Since an operation would not have been successful, appellee had a cause of action as for a general injury. Texas Ind. Co. v. Holloway, Tex.Civ.App., 30 S.W.2d 921, affirmed, Tex.Com.App., 40 S.W.2d 75. The law seems to be that where the insurer fails to tender the operation authorized by Sec. 12b, Art. 8306, after it knows of the employee's hernia and treats him from time to time, and allows him to continue to work as before, the injury must be considered a general one and is controlled by the sections of the Workman's Compensation Law dealing with general injuries. Texas Employers' Ins. Ass'n v. Neatherlin, Tex.Com. App., 48 S.W.2d 967; National Mut. Cas. Co. v. Lowery, Tex.Civ.App., 135 S.W.2d 1044; Id., 136 Tex. 188, 148 S.W.2d 1089. So, though appellee's claim originated in a hernia, the issue of "good cause" is controlled by the law regulating that issue in general injuries. Vernon's Ann.Civ.St. art. 8306, § 6, art. 8307, § 4a. The law on this point was stated as follows, Judge Funderburk writing the opinion for his court in Maryland Cas. Co. v. Perkins, Tex.Civ.App., 153 S.W.2d 647, 648: "In our opinion, when an Employee receives an injury which results in no compensable disability until after six months from the date of the injury, he has, as a matter of law, 'good cause' for not filing claim for compensation until some compensable disability has resulted." See also Maryland Cas. Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631.

The authorities cited by appellant do not sustain its proposition of an instructed verdict. Johnson v. Employers Liability Assurance Corp., 131 Tex. 357, 112 S.W.2d 449, clearly recognizes the right of the claimant to plead "good cause" for a general injury originating in a hernia;

this authority supports our conclusions on this point. Consolidated Underwriters v. Beettner, Tex.Civ.App., 106 S.W.2d 1097, was ruled by this court as a claim for hernia and not as a claim for a general injury, resulting from the hernia. It is also apparent on the face of the opinion that our judgment was controlled by our conclusion that appellee had no cause of action of any nature; otherwise the judgment would have been reversed and the cause remanded for a new trial on the principle announced by the Commission of Appeals in Johnson v. Employers Liability Assurance Corp., supra.

■ On the issue of "good cause" the court asked the jury (a) whether appellee "was lead to believe that he would be retained in his employment on and after the date he sustained a hernia"; (b) whether he "was lead to believe that he had sustained no incapacity to retain his present employment, by reason of his having continued in his employment to July 31, 1941"; (c) "Do you find from a preponderance of the evidence that plaintiff's belief that he would be retained in his employment on and after the date he sustained a hernia, or his belief that he had sustained no incapacity to retain his employment, constituted good cause for not filing his claim for compensation sooner than he actually did?" One of appellant's exceptions to these issues is that they were "not in conformity with appellee's pleadings and the evidence." This contention is overruled. These issues have reasonable support in appellee's allegations of "good cause": (1) He was not able to undergo an operation because it would not have been successful; (2) appellant recognized its liability by furnishing appellee medical treatment; (3) appellee continued to work for the same employer and at the same job without losing any time, and did not actually sustain any incapacity until July 31, 1941; (4) having been with the Pure Oil Company for many years, he believed that appellant's doctor and the Pure Oil Company would treat him right, and relied upon them to protect his claim.

Since the evidence showed that appellee suffered no reduction of his earning capacity, and continued in his employment from the date of his injury to the date of his discharge, appellant's exceptions to the submission of the issue of "good cause" become immaterial, for the reason that the undisputed evidence, on the authorities cited above, established this issue as a matter of law, under the third ground of good cause plead by appellee.

■ Appellant's last point is that the court erred in submitting the issue of good cause "in the disjunctive." This contention is overruled. Questions (a) and (b) were in no sense in the disjunctive; question (c) was in the disjunctive, but appellant did not except to it on that ground. This contention is overruled for the further reason that appellee established the issue of good cause as a matter of law.

The judgment of the lower court is affirmed.