Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of driving a motor vehicle upon a public highway while intoxicated, and his punishment was assessed at a fine of $100.

The record is before us with the statement of facts incorporated in the transcript, which is contrary to Article 760, Sec. 2, C.C.P., which provides as follows:

"The Statement of Facts in felony or misdemeanor cases shall not be copied in The Transcript of the Clerk, but when agreed to by the parties and approved by the Judge, shall be filed in duplicate with the Clerk, and the original sent up as a part of the record of the cause on appeal; and like procedure shall be followed if the Statement of Facts is prepared by the parties or by the Judge, on the failure of the parties to agree." Vernon's Ann.Tex.C. C.P., Vol. 3.

Consequently, we would not be required to consider the statement of facts appearing in the transcript in the present case. However, we have read it and deem the State's evidence sufficient to justify and sustain the conviction.

Appellant brings forward one bill of exception in which he complains of the action of the trial court in permitting the District Attorney to recall appellant for further cross-examination and on such cross-examination to ask him if he had not been convicted in Wichita County in the year 1939 or 1940 for driving an automobile on a public highway while intoxicated, to which he objected on the ground that it was too remote and showed an extraneous offense for which he was not being tried. The court overruled the objection and appellant made the following reply to the question:

"I plead guilty to a charge of operating a motor vehicle while intoxicated in 1939 or 1940; I do not remember, I believe it was in 1939."

Appellant again objected on the ground that he had not placed his reputation in issue and that this was an attempt to put his reputation in issue. The court overruled the objection and appellant excepted. This testimony was admissible on the issue of appellant's credibility as a witness. See Brown v. State, 143 Tex.Cr. R. 358, 158 S.W.2d 1018; Gill v. State, Tex.Cr.App., 181 S.W.2d 276, and cases cited. In 1939 and 1940, the driving of an automobile upon a public highway while intoxicated was a felony under Article 802, P.C., Vernon's Ann.P.C. art. 802, and hence the testimony as to appellant's conviction of that offense at that time was admissible as affecting his credibility as a witness in the present instance.

Finding no reversible error in the record, the judgment of the trial court is affirmed

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## AMERICAN GENERAL INS. CO. v. AMERSON.

### No. 11704.

Court of Civil Appeals of Texas. Galveston.

May 9, 1945.

Rehearings Denied May 31, 1945.

Vinson, Elkins, Weems & Francis and C. M. Hightower, all of Houston, for appellant.

M. M. Williams and Williams, McClelland, Jeter & Dobyns, all of Houston, for appellee.

CODY, Justice.

This is a compensation suit, brought by appellee on two separate and distinct in-

juries suffered at different times in the course of his employment by Brown Shipbuilding Company, against appellant, the compensation insurance carrier of said company.

One of the injuries was to the lungs, alleged to have been caused by inhaling smoke and gas fumes on May 26, 1943; the other an inguinal hernia, alleged to have occurred on November 1, 1943, while appellee was lifting or aiding in lifting a large cable. Appellee did not give notice of his injuries within thirty days, and did not file his claim with the Industrial Accident Board until June 1, 1944, which was not within six months; though he notified such Board by mail of his claim based on the hernia on May 16, 1944. This was the date a physician notified him that he had a hernia. The appellee raised the contention for an operation before the Industrial Accident Board, and in his pleadings below. Appellant denied any liability under its policy.

The case was tried without the aid of a jury, and judgment was rendered for appellee. The court found that the lung injury had caused six weeks' total, and fifteen weeks' partial disability from and after May 26, 1943. The court found that no good cause was shown for appellee's failure to file his claim on said injury with the Board within six months. The court awarded appellee 52 weeks' compensation for total disability from November 1, 1943, at the rate of $20 a week on account of the hernia condition, and found that good cause had been shown for failure to file claim therefor within six months from said date.

Both parties excepted and objected to the judgment, but only appellant gave notice of and perfected his appeal. No conclusion of fact and law have been filed.

Appellant predicates its appeal on six points. The first five such points relate to appellee's delay in giving notice of the hernia injury and filing claim therefor. Such five points complain that judgment was rendered affirming that appellee had good cause for delaying more than six months in filing his claim without any pleadings, and without sufficient proof to sustain same.

The sixth point complains of the judgment awarding total temporary incapacity because the undisputed proof shows appellee was regularly employed discharging duties during that period.

Appellee has urged certain cross-points which are hereafter referred to.

■ In the absence of any findings by the court it is our duty to take the facts most strongly in support of the judgment. So taken, the material facts of the case, except as appears later in the body of the opinion, are as follows:

Appellee was at all material times acting in the course of his employment, as an electrician. He had to fit pipes, drill holes, put in conduits, connect fixtures, go down into holes, handle cables, etc. On November 1, 1943, he lifted or was aiding in the lifting of a large cable, weighing about 150 pounds. While doing so he felt a burning sensation just above his groin. It was a sharp stinging pain, and felt as though a muscle was strained or pulled loose. He told the man aiding him that he may have ruptured himself. But he could see no signs of any rupture and decided that he was not ruptured. He remained very sore in the region where he felt the pain for three or four days. However, the soreness wore off. But he found if he did any heavy lifting he would have a sharp or shooting pain, so he avoided lifting anything heavy. When there was any heavy work for him to do he was assigned someone to help him. He found he must lay off for several days each month, and so was not able to earn any overtime. He knew that he had a painful, but thought it was not a serious, injury. It was proved that hernia, without an operation, never gets better, and continues to grow worse.

On March 11, 1944, during the noon hour, appellee was discharged, apparently for being asleep. He told the company representative that he wanted a medical examination. He was thereupon sent to appellant's doctor who examined him on March 20, 1944. The doctor discovered the hernia and reported it to appellant, but made no report to appellee. Appellee applied for employment to another prospective employer and was examined by such prospective employer's doctor, with what result does not appear beyond the fact that he did not report finding the hernia to appellee. This examination was about the 15th of April, which was still within six months of November 1, 1943. On May 16th, it seems, this second doctor re-examined appellee and then notified him that he had a hernia, and for that reason would not be employed. Appellee at once wrote the Industrial Accident Board, and,

as is stated above, filed his claim on June 1, 1944.

Appellee makes no contention that the compensation awarded for the lung injury was not adequate, so no statement of facts with reference to it is given.

## Opinion.

There is no question but that the parties did in fact try out the issue as to whether appellee had good cause for delaying giving notice and filing claim on his hernia condition. Under Rule 67, T.R.C.P., such issue must be treated in all respects as having been raised by the pleadings. No purpose would be served, in view of the rule referred to, in scrutinizing the pleadings to see if they do in fact raise such issue.

It is well settled that if a claim for compensation is not filed with the Industrial Accident Board within six months after the injury is received (here November 1, 1943) as required by statute, the claimant must then allege and prove good cause excusing delay until the claim is filed. Johnson v. Employers Liability Assurance Corporation, 131 Tex. 357, 112 S.W.2d 449. So far is such requirement from being a mere technicality that it is held to be jurisdictional. Id.

"The test of good cause for delay is that of ordinary prudence, that is such a course of conduct as would be pursued by an ordinarily prudent person acting under the same or similar circumstances, in the transaction of his own business." Texas Indemnity Ins. Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830, 832, writ refused. Thus good cause for delay is a fact question except where the evidence taken most strongly in favor of the claimant admits of but one reasonable construction negativing good cause. Id.; see also Texas Employers' Ins. Co. v. Roberts, 135 Tex. 123, 139 S.W.2d 80.

While the court was careful to restrict its holding to the facts before it, in the case last cited, such holding comes within the rule that: Though an injury prove to be painful yet, if an ordinarily prudent person under the same or similar circumstances would have considered the injury trivial, that would be good cause for delay in giving notice and filing a claim. Having been examined by two physicians within six months of the date of the injury and not being notified by either that he had a hernia might well confirm an ordinarily prudent person in the belief that such injury as he suffered from was, if painful, trivial. In any case it cannot be said from all the evidence, even excluding the failure of the doctors to report to appellee the hernia, when it is taken most strongly in favor of appellee-claimant, that the only reasonable construction that can be placed on it negatives good cause. So, whether appellee had good cause for the delay in giving notice and filing his claim until June 1, 1944, was here a fact issue, and was determined in favor of appellee.

Appellant's first five points, presented as a group by it, are overruled.

Appellant's sixth point raises the question that the evidence did not support the judgment awarding appellee compensation for total disability for 52 weeks from November 1, 1943.

The evidence shows that appellee labored from November 1, 1943, when he was injured, until March 11, 1944, when he was discharged. He was discharged for sleeping. He testified he was sleeping, on his own time at noon, because he was sick. He then worked for McEvoy Company as an electrician for six days, beginning March 15, 1944, at $1.10 an hour. He then worked as an electrician for Todd Houston Shipbuilding Company, beginning the first week in June, 1944, regularly through the week ending October 29, 1944, at $1.20 an hour. This covered the 52 weeks for which the court awarded compensation for total temporary disability.

This definition of total incapacity has been approved by the Commission of Appeals: "The term 'total incapacity,' as used in the Workmen's Compensation Act, does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual task of a workman in such a way as to enable him to procure and retain employment is regarded as total incapacity." Texas Employers' Ins. Ass'n v. Brock, Tex.Com.App., 36 S.W.2d 704, 705; Texas Employers Ins. Ass'n v. Phelan, Tex.Civ.App., 103 S.W.2d 863.

The undisputed facts here show that appellee did in fact procure and retain employment as an electrician for more than three-fourths of the 52 weeks in question. Appellee merely claims that he lost a great part of his working ability, and that he was unable most of the time to perform all

916

the duties assigned to him, and that he received assistance from his fellow employees.

Now, it has often been held that the fact that an injured employee resumes work after an injury, but only under the whip of necessity, does not preclude a finding even of total permanent disability, but the question may be one of fact. Southern Underwriters v. Grimes, Tex.Civ.App., 146 S.W.2d 1058. But we have concluded that the evidence here cannot be taken to sustain the judgment. For appellee's statement that he lost a great part of his working ability is an admission that he retained a portion of it. His statement that he was unable most of the time to perform all his duties is an admission of what the facts show: that he was able to procure and retain work most of the 52 weeks for which he was awarded total disability compensation.

Furthermore, the court's finding that appellee had good cause for delay in filing his claim can only be based upon the fact conclusion that until May 16, 1944, appellee thought his injury was trivial. This being true, it is obvious that during such period—until he learned that he had a hernia—appellee was not suffering from total disability. For, though it has been held that a man can recover as for total disability though he has been forced from necessity to work, it cannot be reasonably held that, for purposes of excusing delay, the evidence will support the supposition of trivial injuries, and over the same period the evidence will support total disability. A man cannot be totally disabled for six months and work most of that period, and yet not know of his own total disability.

While appellant complains of the award being for total disability for 52 weeks, appellee complains of the award not being for permanent disability. The question of the extent of appellee's disability is one of fact. But we believe the evidence will not support the court's finding that the disability of appellee had concluded at the end of 52 weeks. The evidence shows that a hernia might and probably would get worse, but would not improve without an operation. The evidence shows that appellee raised the demand for a surgical operation, and that appellant denied all liability. We have not been able to find any basis to support the court's finding that appellee's disability was limited to the 52 weeks which had trans-

pired after the injury and before the trial. There was no evidence that appellee's condition had improved. See National Mut. Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089.

We must therefore sustain appellant's point complaining of the insufficiency of the evidence to sustain the award, and also appellee's cross-point complaining of the insufficiency of the evidence to sustain such award.

As indicated above, this case was tried by the court without a jury, and judgment was rendered on November 13, 1944. Both parties objected and excepted to the judgment, but only the appellant gave notice of appeal. Appellant filed a motion for a new trial, and it was from the action of the court in overruling such motion that the appeal was perfected.

The judgment in so far as it relates to the hernia condition is clearly severable from the judgment so far as it relates to the lung injury. Upon the face of the judgment, appellant did not limit its appeal to that portion which dealt with the hernia condition. An unlimited appeal, under such conditions, seems to bring the entire case up so as to permit the appellee to file cross-assignments even with respect to the action of the court finding appellee did not have good cause for delay in filing on the lung injury. See Woeltz v. Woeltz, 93 Tex. 548, 552, 57 S.W. 35. On the other hand, appellant perfects an appeal only from the action of the court in refusing the motion for a new trial. Appellant's appeal was thus limited to the assignments set forth as grounds for a new trial in the motion therefor. We are therefore of the opinion that the appeal must be treated as limited by appellant to the portion of the judgment dealing with the hernia condition. See Dallas Electric Supply Co. v. Branum Co., Tex.Com.App., 185 S.W.2d 427. But with respect thereto the appellee had the right to present cross-points. Id.

If the appeal is before us so as to permit appellee to present assignments complaining of the court's action with respect to the lung injury, we believe appellee's point thereon is without merit. The time for filing claim on the lung injury began running when it occurred, May 26, 1943. There is no question but appellee knew when it occurred. Appellee contends that by section 12a, Art. 8306, he was compelled to accept limited employment, and that time

for filing his claim on the lung injury did not begin to run until he was discharged on March 11, 1944, and that since he filed his claim within six months of that date, he filed within time. If the point is before us, we believe the court did not err in holding the claim on the lung injury was filed too late to give jurisdiction to the courts to pass thereon.

For the reasons given, the judgment is reversed with respect to the hernia condition, and the cause remanded for a new trial, but the cause is remanded for new trial only with respect to the hernia injury.

Reversed and remanded.