## HATHAWAY v. NEW YORK CASUALTY CO.

### No. 11263.

Circuit Court of Appeals, Fifth Circuit.

Dec. 19, 1945.

On Rehearing Jan. 30, 1946.

SIBLEY, Circuit Judge, dissenting.

———◇———

J. A. Kibler, of Waco, Tex., for appellant.

Hilton E. Howell, of Waco, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Plaintiff (appellant) sought, by suit in a state court, to set aside an unfavorable ruling of the Industrial Accident Board of Texas and to recover for injuries received under the provisions of the Texas Workmen's Compensation Law, Vernon's Ann. Civ.St. art. 8306 et seq. The suit was removed to the District Court of the United States, which, at the conclusion of plaintiff's testimony, directed a verdict for defendant, holding that plaintiff failed to file, or to excuse his failure to file, his claim with the Industrial Accident Board in the period of time prescribed in the Act.

Appellant testified that he was employed as a textile mill beamer in the Texas Textile Mills at Waco, Tex., whose work necessitated the handling of warps of thread weighing about 380 pounds each. In order to move said warps he used a small two-wheeled hand truck. On Saturday, March 27, 1943, while attempting to move one of such warps, his foot slipped and the truck struck him, knocking him back against a large metal frame. Appellant shortly thereafter told the foreman of the accident. After suffering a great deal of pain in the lower part of his body and back during the night, he went on Monday to the office of Dr. Kirby (now deceased), who advised an operation. On Tuesday the general superintendent was advised of the accident, his suffering with his back, and of the fact that he was going to the hospital for an operation. He was informed by the superintendent that his policy would take care of him. The insurance carrier paid $67.50 on his hospital bill and also paid compensation to him of $5.70 a week for thirteen weeks. The operation was had on April 1, 1943, and appellant returned home on April 15. Although the operation was a success, appellant insists that he continued to suffer with his back and to be unable to work. Dr. Kirby continued to treat him at his office every week. The doctor advised that he was not in physical condition to return to work, although plaintiff, because of his impoverished financial condition, sought the doctor's permission to do so; however, Dr. Kirby urged him to be patient because he thought he would soon be all right; and that he should not return to work unless he could get some work which would not require lifting or stooping. Appellant asked the superintendent to give him such work, but this was never done.

X-rays were made of his back, and on December 24, 1943, he received the doctor's

report showing an injury to the disc of the fifth lumbar innerspace. On the same day a claim with the Industrial Accident Board was made out and received by the Board on December 27, 1943.

Appellant contends that these facts show good cause for not filing his claim within the six months fixed by the Texas Workmen's Compensation Law. According to his testimony he thought at all times from the date of the accident until he received the report on the X-rays that he was going back to work:

"Q. What prevented you, if anything. or why did you not file a formal written notice of your injury with the Texas Textile Mill within 30 days after you were hurt? A. Well, I was thinking all of the time I was going to get back on the job, from what the doctor told me, would be all right, he thought; if I would take care of myself I could go back to work.

"Q. What prevented you, or why did you not file a formal written notice of your claim for compensation with the Industrial Accident Board at Austin prior to the time you did file it? A. Well, I was thinking all of the time I was going to get to go back to work; I thought I would.

"Q. How do you mean think you would get to go back to work? A. According to the doctor, he kept telling me I was going to be all right, and I thought he knew, and I would go back to work when I would get to where I could work."

Sec. 4a of Article 8307, Vernon's Annotated Texas Statutes, provides: " * * * For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

An employee's belief that the injury will get well does not usually excuse timely filing of the claim; though there may arise cases where the injury appears so trifling and the result so unexpectedly serious, that this may present good cause for not filing. Mayers v. Associated Indemnity Corp., 5 Cir., 108 F.2d 89.

We think the evidence in this case is sufficient to raise an issue as to whether or not a reasonably prudent person, under the facts and circumstances hereinabove set out, might have believed that his injury was trivial and that recovery would be soon and certain, or that the facts did not justify nor require the filing of a claim at an earlier date. Under the facts here, the question as to whether plaintiff had good cause for not filing his claim within six months after the injury is a question of fact for the jury. Texas Employers' Insurance Association v. Roberts, 135 Tex. 123, 139 S.W.2d 80. The lower Court should have overruled the motion of defendant for a directed verdict.

Reversed and remanded.

SIBLEY, Circuit Judge (dissenting).

We have just decided the case of Aetna Casualty and Surety Co. v. Rhine, 152 F. 2d 370, in which Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80, was examined and applied, along with other Texas cases. This present case is not one in which the injured employee was able to continue at work and lost no wages and was "justified in believing his injury was trivial and would not disable him". He was disabled and unable to work from the day he was hurt and has never worked a day since. The statute gives compensation for temporary as well as permanent incapacity to work. Hathaway knew at all times after the thirteen weeks for which he was paid compensation that he was still unable to work and was not working, and therefore had a claim. The mere hope, though as he says encouraged by his dead doctor, that he would eventually become able to work is no cause at all for not filing the claim he knew he had when the six months from the date of injury was about to expire. Whether compensation should be for temporary or permanent incapacity is to be determined when the claim is heard.

On Rehearing.

WALLER, Circuit Judge.

After the rehearing heretofore granted and after oral argument by counsel for each of the parties, a majority of the Court believes, and it is so ordered, that the original opinion of the majority should stand, with the exception that the following statement should be, and the same is hereby, stricken:

"The insurance carrier paid $67.50 on his hospital bill and also paid compensation to him of $5.70 a week for thirteen weeks."

This statement was erroneous in that such payments were not made by the appellee as compensation carrier, but by an-

other insurance company under a health and accident policy.

SIBLEY, Circuit Judge (dissenting).

Subject to the correction indicated by the majority, I reaffirm my dissenting opinion.