## HOLMES

v.

## AMERICAN GENERAL INS. CO.

### No. 4930.

Court of Civil Appeals of Texas. Beaumont.

Dec. 3, 1953.

John T. Lindsey, Port Arthur, for appellant.

Cecil, Keith & Mehaffey, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

Lawrence Holmes, the appellant, brought suit in the district court of Jefferson County against American General Insurance Company, the appellee, for benefits under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. He alleged that he suffered an accidental injury in the course of his employment with Trotti and Thompson at Beaumont; that as a result thereof his spine was injured, he was totally incapacitated to perform the duties of his employment, and that such incapacity was for a period of 401 weeks.

The appellee answered by general denial, and the further pleas that if appellant had suffered any injury in the course of his employment it was trivial and he was fully recovered; that if appellant has any disability, it is due solely to diseases, natural causes, and prior injuries and diseases wholly disassociated from his alleged injury.

The trial was to a jury and the court submitted in 17 special issues various fact issues raised by the evidence.

Special Issue No. 1 was as follows:

"Do you find from a preponderance of the evidence that the plaintiff, Lawrence Holmes, sustained an accidental personal injury on the 10th day of July, 1951, while assisting in carrying a wooden form, when a fellow employee stumbled and fell, thereby throwing a heavy load upon the plaintiff?"

To this Special Issue the jury, by its verdict, answered "No". Since all the other special issues were conditioned upon an affirmative answer to the above Special Issue No. 1, no other special issues were answered. On the verdict of the jury the court entered judgment that plaintiff, the appellant here, take nothing by his suit against the appellee. The appellant's amended motion for a new trial was overruled and the appellant has perfected his appeal from the judgment and action of the trial court.

The appellant brings his appeal under five points of error. By all of said points the appellant complains that the verdict of the jury in finding that he did not sustain an accidental personal injury is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and should not be permitted to stand, that the overwhelming weight and preponderance of the evidence is against such finding of the jury, that such finding of the jury is so unreasonable and unjust and so strongly against the weight of the evidence as to manifestly indicate passion or prejudice of the jury against him, that such finding of the jury had no support "by weight of the credible evidence," that the greater weight of the cred-

ible testimony definitely concludes that he did sustain such injury in the course of his employment.

■ The appellant under these points correctly states the law that a reviewing court not only has the power but the imperative duty to set aside the findings of the jury where the findings are made without evidence to support them, or where the findings are so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong. Indemnity Insurance Co. of North America v. Williams, Tex.Civ.App., 69 S.W.2d 519; Houston & T. C. R. Co. v. Loeffler, Tex. Civ.App., 59 S.W. 558; Cascy v. Jones, Tex.Civ.App., 189 S.W.2d 515.

■ It is a rule of law equally well settled in Texas that an appellate court cannot substitute its judgment for that of a jury on disputed issues of fact. Disputed issues of fact are always matters for determination by the jury, or the trial court if no jury is taken in the trial. Alley v. Booth, 16 Tex 94; Linney v. Wood, 66 Tex. 22, 17 S.W. 244; Barry v. Patterson, Tex.Civ.App., 225 S.W.2d 864; Coats v. Elliott, 23 Tex. 606; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792. Since the appellant Holmes was an interested party, his testimony as a witness for himself presented only a fact issue for the jury to decide and such would have been the case if he had been the only witness on trial and his testimony had not been either contradicted or impeached. Johnson v. Employers Liability Assur. Corp., 131 Tex. 357, 112 S.W.2d 449; Texas Employers' Ins. Association v. Roberts, 135 Tex. 123, 139 S.W.2d 80.

The evidence in this case does not support the contentions of the appellant on appeal. His own testimony and that of his brother, who was working with him on the job, was that the appellant and three other employees of Trotti and Thompson were carrying a large wooden form and that the man carrying the front end lost control of it, the weight of the form fell back on him and caused a pain in his back

at that time; that his foreman had a truck driver take him to the office of Dr. Williams; that Dr. Williams looked at him and had a nurse give him a shot for his pain and gave him no other treatment; that the following day he returned to the office and received another shot and stayed in bed for two or three days. His brother's testimony in the main corroborated his statement and testimony about the accident and injury. But on cross-examination the appellant's testimony was seriously impeached by the appellee by introducing in evidence a signed statement which he had made before the trial and also statements which he made by deposition prior to the trial. The testimony of both appellant and his brother was weakened by contradictory statements they made on cross-examination.

Both the appellant and his brother testified that one Bennie Hillman was present at the time of the accident, but Hillman testified on the trial and stated that no such accident as Holmes and his brother had testified about had occurred. The appellant's foreman testified that he recalled sending Holmes to the doctor but also testified Holmes made no complaint at all at that time of having any accidental injury, but had asked him to permit him to go to the doctor because he was suffering from a swelling of his privates. Dr. Williams testified that he had seen the appellant at the time he came to see him and he diagnosed his case and treated it as a venereal disease and gave him shots of penicillin. Another doctor, who examined the appellant for the Industrial Accident Board, testified that he found no evidence of an injury but he diagnosed his trouble as iron deficiency, anemia, syphilis and prostate disease. The appellant's doctor testified at length and gave his opinion that the appellant had suffered a traumatic injury to his back and spine; that he had a right indirect hernia and that the condition he found could not have been the result of a venereal disease.

■ All of this testimony served only to present disputed fact issues to the jury

and the jury by its verdict settled and determined against the appellant the fact issue of whether he had suffered an accidental injury in the course of his employment. This finding is binding upon us and appellant's points must be overruled.

No complaint is brought by the appellant of any procedural errors on the part of the trial court. The charge was carefully and correctly drawn and no complaint is made on appeal of any portion of the charge. No complaint is made of misconduct on the part of the jury or argument of counsel. No error is shown by this record and the judgment of the trial court should be affirmed.

Affirmed.