C. Wesley WARD, Appellant,

v.

Sam LARRIMORE et ux., Appellees.

No. 5076.

Court of Civil Appeals of Texas.

Beaumont.

May 17, 1956.

Rehearing Denied June 6, 1956.

Jim S. Phelps, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Houston, for appellees.

ANDERSON, Justice.

Appellant, C. Wesley Ward, was plaintiff in the trial court, and Sam Larrimore and wife were defendants. Appellant sued for damages because of personal injuries he sustained and because of damage done his automobile when his automobile, which he was driving, was in collision with one that was being driven by Mrs. Larrimore. Trial to a jury resulted in a verdict on which judgment was rendered in favor of the defendants, and the plaintiff appealed.

The jury found that Mrs. Larrimore failed to keep a proper lookout; that such failure was negligence; and that such negligence was a proximate cause of the collision. However, they also found that appellant failed to keep a proper lookout and that this was a proximate cause of the collision, and it was because of these latter findings that judgment was rendered in favor of the defendants.

Appellant urges both that there was no evidence and that there was insufficient evidence to support either the jury's finding that he failed to keep a proper lookout or its finding that such failure, if he did so fail, was a proximate cause of the collision. We are unable to agree with his contentions, and so overrule his points one through four.

 The evidence justified the jury in concluding that if appellant had been keeping a proper lookout he reasonably should have seen Mrs. Larrimore's automobile before he did and that therefore, since he did not see it earlier, he was not keeping a proper lookout. Appellant testified that it was only momentarily before the impact that he saw Mrs. Larrimore's automobile for the first time. He estimated that he was then already within ten feet or less of the point at which the vehicles collided. Yet, both vehicles had approached the scene of the collision from opposite directions along the same highway; the time was between 8:00 and 8:30 o'clock of a morning and the sun was shining brightly and from a direction favorable to appellant, who was driving northward; the highway was straight and level for considerable distances both north and south of the scene of the collision and there were no obstructions, with the possible exception of other moving automobiles, to prevent appellant from seeing Mrs. Larrimore's car long before he got up to within ten feet or less of where the collision occurred. Mrs. Larrimore, it is true, had driven off of the pavement and had stopped briefly on the west shoulder of the highway just before turning left to enter a road that led east; but the jury was at liberty under the evidence to conclude that appellant reasonably should have seen her car both before she drove off of the pavement and while she was stopped. Hers appears to have been the foremost of three southbound vehicles that were traveling close together at the time Mrs. Larrimore drove off of the pavement, and appellant testified that he met two southbound vehicles within twenty-five to fifty feet of where the collision occurred. It stands to reason, therefore, that appellant, who testified that he was driving at the rate of between twenty-five and thirty miles per hour, must have been rather near at hand and in a position to have seen Mrs. Larrimore's automobile before and at the time it left the pavement, had he been looking toward it. Then, so far as the evidence indicates, there was nothing besides the two southbound vehicles we have mentioned, both of which appear to have been traveling rapidly and to have passed quickly, to interfere with appellant's line of

vision and to prevent him from seeing Mrs. Larrimore's automobile while it was stopped and as it resumed motion. Appellant testified, however, that he did not see it before or during the time it was stopped, or, if so, that it made no impression on his mind, and it is to be inferred from his testimony that he never did see it until after Mrs. Larrimore had driven back onto the pavement and to the vicinity of the center line of the highway. He said the impact followed immediately after he first saw the car, and the front end of Mrs. Larrimore's automobile struck about midway of the left side of appellant's, which was on its proper side of the highway. An added circumstance bearing on the question is that, while Mrs. Larrimore testified that she was meeting a northbound vehicle other than appellant's as she arrived at the point where she turned onto the shoulder, appellant testified that he saw no northbound vehicles ahead of him as he approached the scene of the collision. Since appellant was an interested party, the jury was not required to accept as true his testimony regarding the character of lookout he was keeping. Holmes v. American General Ins. Co., Tex.Civ.App., 263 S.W.2d 615, and the cases there cited. And, as already stated, we think the circumstances we have mentioned are sufficient to support the jury's finding that appellant failed to keep a proper lookout.

Relative to the issue of proximate cause, the jury may reasonably have concluded that had appellant seen Mrs. Larrimore's automobile while it was stopped or when it first resumed motion he would have been able to avoid the collision. Assuming that at the time Mrs. Larrimore's automobile resumed motion appellant was then already too close to it to stop his own car in time to avert the collision, which is the general burden of his argument, the jury may reasonably have concluded that there were other means by which he could have avoided it. They may reasonably have concluded, for example, that he could have extricated himself from his hazardous position by increasing his speed, or by swerving to his right onto the wide, flat shoulder of the highway, or even by sounding his horn to attract Mrs. Larrimore's attention in time to enable her to stop, slow or turn her own car. Appellant, it is true, was not bound to anticipate in advance that Mrs. Larrimore would act negligently, but he was not relieved by that rule from the duty to keep a proper lookout nor from the consequences of his failure to do so.

Under his fifth point of error, which complains of the trial court's failure to grant his motion for new trial, appellant urges that the damages the jury assessed were so inadequate, the evidence considered, as to show that the jury was actuated by bias or prejudice in arriving at its verdict. The point is overruled. Other considerations aside, we would not be disposed to disturb the verdict and judgment because of the amount of damages which the jury found appellant had sustained, an aggregate of $1,291.80. However, even assuming that we were of the opinion that the amount was so small as to indicate that in arriving at it the jury had been actuated by bias or prejudice or some other improper motive, the matter would be of no consequence unless it should be accepted as proving that the jury was actuated by the same motives in finding that appellant was guilty of contributory negligence, and it cannot be so accepted. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334. Also see Tumlinson v. San Antonio Brewing Ass'n, Tex.Civ.App., 170 S.W.2d 620; Doornbos v. Looney, Tex. Civ.App., 159 S.W.2d 155. The point is overruled.

By his remaining point of error, point six, appellant complains of argument that was made to the jury by counsel for appellees. Appellees had introduced in evidence a judgment rendered by one of the district courts of Harris County in which the court upheld an order of the Board of Insurance Commissioners whereby the Board refused to renew the license of appellant to sell life, health and accident insurance in the state. The court permitted the judgment to be introduced for its pos-

sible bearing on appellant's earning capacity but refused to permit appellees to introduce an instrument which set out the grounds on which the Commissioners had based their ruling. In arguing the case to the jury, counsel for appellees waved the copy of the district court's judgment before the jurors and told them that he "only wished they knew the dark and loathsome reasons which caused the plaintiff to lose his license to sell insurance in the State of Texas." Appellant neither objected to the argument at the time it was made nor moved for a mistrial because of it but did present it as a ground for a new trial.

The argument was improper but a consideration of the record as a whole does not lead us to the conclusion that it probably caused the rendition of an improper judgment in the case, and we should have to be of the opinion that it did if a reversal were to be predicated on it. Rules 434 and 503, Texas Rules of Civil Procedure; Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Lumbermen's Lloyds v. Loper, Tex., 269 S.W.2d 367. Accepting that the argument was a reference to matters not in evidence, the jury could not have gained the impression from it that the matters referred to had any factual bearing on the cause of the collision. The argument could not have affected the verdict, therefore, unless because it tended to reflect unfavorably on appellant's character, integrity and credibility. And we think it can hardly be said that appellant's credibility was in issue, because there was, in reality, no conflict between the testimony of the witnesses. The finding that appellant failed to keep a proper lookout could only have been based on appellant's own testimony relative to when he first saw Mrs. Larrimore's automobile, and the finding that his failure to keep a proper lookout was a proximate cause of the collision resulted from the jury's reasoning on the undisputed facts and circumstances in evidence. There is no suggestion in the record that because of prejudice against appellant the jury disregarded the testimony and deliberately undertook to render a verdict for appellees.

In fact, the manner in which the various issues were answered, including several which we have not previously mentioned, negatives any such thought. There is, therefore, no logical basis on which to predicate a finding that except for the argument that is complained of the verdict and judgment probably would have been different. Point six is accordingly overruled.

No reversible error having been presented, the judgment of the trial court is affirmed.