### EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED, OF LONDON, ENGLAND, v. ZOBAL et ux. (No. 9317.)

Court of Civil Appeals of Texas. Galveston. June 27, 1929.

Rehearing Denied Oct. 3, 1929.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

C. H. Chernosky, A. B. Gerland, and Jno. O. Douglas, all of Houston, for appellees.

GRAVES, J. Appellant herein challenges a $5,802.01 judgment against it in favor of the appellees as the present lump-sum value of 360 weeks' compensation, at $17.31 per week, for the death of their son, Steve Zobal, contending among other things, that there was no basis in the adverse pleadings below either for the computation of Steve Zobal's average weekly wages prior to his death, or for the receipt of evidence as to the average weekly wages of other employees of the same class, pursuant to Rev. St. 1925, art. 8309, § 1, subds. 1 and 2, respectively.

This complaint must be sustained.

The only allegations of the appellees concerning their deceased son's wages were these: "Defendants further allege that said Steve Zobal was employed by the said Ford Motor Company at Houston, Texas, as a laborer and mechanic and was employed to do frame work of Ford cars in said plant during the period from about —————— day of June, A. D. 1926, to August 13, 1926, and worked in such employment and capacity for six days each week at a wage of $5.00 per day, and that his actual weekly wage was $30.00 per week; and that his average annual wage as defined in said Workmen's Compensation Act was $1560; and that his average weekly wage as defined by said Act was $30.00; that by reason and on account of his death defendants, Max Zobal and Frances Zobal, are entitled under said Workmen's Compensation Act to recover from the Employers' Liability Assurance Corporation, Ltd., of London, England, 60% of said average or $18.00 per week for 360 weeks from the 13th day of August, A. D. 1926, as compensation for his injury and death."

The trial court not only overruled appellant's general demurrer to the sufficiency of this plea, but also received over its protest testimony from the witnesses Maddox and Prewitt as to the wages the Ford Motor Company, Steve Zobal's employer, was paying other employees of the same class during the year immediately preceding his death. Both rulings were erroneous.

The quoted pleading, while not so iterately emphatic to that purport, is yet on a parity with the one construed by the Supreme Court through the Commission of Appeals in Association v. Fitzgerald, 296 S. W. 509, in affirmatively averring that the employee had not been working at the employment in which he was engaged at the time of his injury substantially the whole of the year immediately before—only about two months here —thereby differentiating it from that in Davies v. Association (Tex. Com. App.) 16 S.W. (2d) 524, which contained no such showing; the holding in the Fitzgerald Case, therefore, rules this one.

In other words, under the authority of that decision, there was no basis in the pleadings here for the verdict and judgment (the court having used a jury's finding merely as to requiring a lump-sum redemption of the liability), because, on the one hand, the express declaration that the employee himself had not worked substantially the whole of the year immediately preceding his injury denied the application of the first method prescribed for arriving at the average annual wages under subdivision 1, supra, while on the other, the absence of any averment at all as to what was the average daily wage or salary of any other employee of the same class, who had so worked, cut off the method applicable under subdivision 2.

It is deemed unnecessary to pass upon other

matters presented, as none of them will probably arise upon another trial.

Because of the insufficiency of the pleadings to support the recovery, the judgment will be reversed and the cause remanded.

Reversed and remanded.