**SUPERIOR INSURANCE COMPANY,**
Appellant,

v.

**Richard J. GRIFFIN, Appellee.**

No. 3440.

Court of Civil Appeals of Texas.

Eastland.

March 13, 1959.

Rehearing Denied April 17, 1959.

**608**

———◆———

M. Hendricks Brown and Walter E. Jordan, Fort Worth, for appellant.

Huff & Splawn, Lubbock, for appellee.

WALTER, Justice.

Richard J. Griffin recovered judgment against Superior Insurance Company for benefits under the workmen's compensation law for total and permanent incapacity. The insurance company has appealed from such judgment contending (1) the jury's finding that Griffin suffered total and permanent incapacity and sustained no partial disability is contrary to the overwhelming weight and preponderance of the evidence (2) the court erred in submitting issues 13 and 15 because the undisputed evidence established there was at least one other employee in the same occupation who had worked substantially a year preceding Griffin's injury and (3) there was no evidence to support the jury's answer to issue 13 and also that said answer is against the weight of the evidence. Other points relate to the alleged improper admission of evidence and improper argument.

■ The jury found Griffin was totally and permanently incapacitated and that he sustained no partial disability. Appellant contends such findings are so against the overwhelming weight and preponderance of the testimony as to be manifestly unjust and unconscionable. Our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, has set forth the rule to be followed by the Courts of Civil Appeals in passing on this point. Also see Prewitt v.

Watson, Tex.Civ.App., 317 S.W.2d 954, approved by the Supreme Court in a per curiam r. n. r. e. opinion February 7, 1959, 320 S.W.2d 815. We have followed the principles of law announced by our Supreme Court in passing on this point and find no merit in appellant's contention and same is overruled.

Appellant also contends that the jury's answer to special issue number 13 is against the overwhelming weight of the evidence. Special issue 13 was submitted to establish or eliminate Subdivision 2 of Sec. 1 of Art. 8309. The jury's answer was "another employee had not worked". It is elementary that the burden of proof rests upon the claimant to eliminate Subdivisions 1 and 2 of Section 1 of Article 8309 before he is entitled to resort to Subdivision 3. The evidence conclusively established that the appellee did not come under Subdivision 1, and he attempted to eliminate Subdivision 2 by showing there were no other employees in the same or similar employment in the same or neighboring place. He was first asked if there were men out there at the gin that worked the whole year and he testified that there were no such men at that gin but that he knew of one person at O'Donnell who worked the year around at the gin, doing the same kind of work that he was doing. The appellee was recalled as a witness and his counsel announced to the Court that his testimony was presented specifically for the purpose of coming under Subdivision 3 of the statute. The appellee then testified that he had made diligent search at the cafes and grocery stores and trading places in the community in an effort to find a wage rate witness under Subdivision 2 and he again testified that he found one man, but that this man "taken sick last night and is under a doctor's care now". Then the appellee was asked if, outside of that one man, he knew of another person in that locality or if he was able to find another man after making a diligent search who did work in the same or similar type of employment and he testified that he was not

able to find "another" man. Following the principles of law applicable when passing on "no evidence" points as stated by our Supreme Court in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, we find there is no evidence to support the jury's answer to special issue 13, but if we be mistaken then we say following the applicable principles of law set forth in In re King's Estate case, we find that the jury's answer to special issue number 13 was against the overwhelming weight of evidence.

The judgment of the trial court is reversed and remanded.

### On Motion for Rehearing

In our original opinion we held "that the jury's answer to special issue number 13 was against the overwhelming weight of evidence"; said portion of our original opinion is withdrawn.

■ In his vigorous motion for rehearing appellee asserts we committed error in finding there was no evidence to support the jury's answer to special issue number 13. Appellee pleaded facts which would bring him under section 1, Subdivisions 1, 2 and 3 of Article 8309. The appellant's general denial was sufficient to put these matters in issue. Rule 92, Rules of Civil Procedure. While testifying and attempting to eliminate or establish facts which would bring him under Subdivision 2, he testified that he knew of a man at O'Donnell who worked the year around at a gin doing the same kind of work that he was doing. As a party to the suit, his testimony must be construed as binding on him. Southern Surety Co. v. Inabnit, Tex.Civ. App., 1 S.W.2d 412. Appellee had the burden of eliminating Subdivisions 1 and 2 before he was entitled to resort to Subdivision 3. There was no evidence to support the jury's answer that "another employee had not worked".

■ Appellee also contends that by paying him compensation at the maximum rate for twenty-two weeks, the appellant ad-

mitted his compensation and wage rate and there was no burden on him to establish his wage rate under Article 8309. We think Judge Hickman has held contrary to appellee's contention in Southern Underwriters v. Schoolcraft, Tex.Com.App., 138 Tex. 323, 158 S.W.2d 991, 995, when he said: "Courts should encourage and not discourage the prompt payment of compensation when an injury is sustained by an employee, and a holding that payments made pending the final investigation of the claim would be binding upon the insurer both as to liability and rate of compensation regardless of what that investigation should disclose would manifestly discourage prompt payments following injuries."

Appellee's motion for rehearing is overruled.