Stella R. LOPEZ et vir, Appellants,

v.

ASSOCIATED EMPLOYERS INSURANCE COMPANY, Appellee.

No. 13537.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 2, 1959.

Rehearing Denied Jan. 6, 1960.

G. Woodson Morris, San Antonio, for appellants.

Carl Wright Johnson, Alfred W. Offer, William R. Simcock, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a workmen's compensation proceeding. Mrs. Stella Lopez, wife of Margarito Lopez, is the alleged injured employee, Jacob E. Decker & Sons, Inc., the employer, and Associated Employers Insurance Company, the insurance carrier.

A jury found in answer to question No. 1, that Stella Lopez did not sustain an accidental injury on November 19, 1956, and in answer to question No. 15, that Stella Lopez' incapacity was solely caused by pre-existing ailments, diseases and infirmities.

The court rendered judgment that Stella R. Lopez and her husband take nothing, and they have appealed.

Appellants' first point is as follows:

"It was prejudicial error to overrule plaintiffs' motion made after both sides had rested, to submit to the jury issues only inquiring of the duration of plaintiff's injury, and also in pursuance of its action, to submit issue No. 1 inquiring as to whether plaintiff had sustained an accidental injury, and, following that, issue No. 2 as to whether, if so, such was sustained in the course of her employment with her employer."

We overrule this point. It is based upon the contention that appellee had admitted that Stella Lopez had sustained an accidental injury on November 19, 1956, by thereafter paying her fifteen weekly payments of $25 each, and was therefore estopped to deny such fact. It is well settled in this State that an insurance carrier is not estopped to deny liability by the making of weekly workmen's compensation payments to a claimant pending further investigation. Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991; Superior Insurance Co. v. Griffin, Tex.Civ.App., 323 S.W.2d 607; Brooks v. Lucky Steel Co., Tex.Civ.App., 308 S.W.2d 273; Davis v. Texas Employers Ins. Ass'n, Tex.Civ.App., 257 S.W.2d 755; Texas Employers Ins. Ass'n v. Bowen, Tex.Civ.App., 227 S.W.2d 846.

In Southern Underwriters v. Schoolcraft, supra, Judge Hickman, speaking for the Texas Commission of Appeals, while discussing this very question, made the following pertinent remarks:

"Courts should encourage and not discourage the prompt payment of compensation when an injury is sustained by an employee, and a holding that payments made pending the final investigation of the claim would be binding upon the insurer both as to liability and rate of compensation regardless of what that investigation should disclose would manifestly discourage prompt payments following injuries." [138 Tex. 323, 158 S.W.2d 994.]

The evidence was conflicting as to whether Stella Lopez had received an accidental injury on November 19, 1956, and it became the duty of the jury to weigh this evidence and pass upon its credibility, and the jury having done this and found that she did not receive such accidental injury, this Court is bound by such answer. It is true that Stella Lopez testified that she slipped and fell and injured herself, but she is an interested witness and the jury was

not compelled to accept her testimony as true. There is no other testimony that she fell and injured herself.

■ There was evidence to support the jury's finding in answer to Question No. 15, to the effect that Stella Lopez' incapacity was "solely caused by ailments, diseases and infirmities existing before November 19, 1956."

The jury's answer to either Question No. 1 or No. 15 would require a judgment that appellants take nothing.

The judgment is affirmed.