**Annie Alice ROACH et vir, Appellants,**

v.

**CONTINENTAL CASUALTY COMPANY,**
Appellee.

No. 6948.

Court of Civil Appeals of Texas.

Amarillo.

May 31, 1960.

Merchant & Fitzjarrald, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, James M. House, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This is a workmen's compensation case. Mrs. Annie Alice Roach, wife of Willie Roach, was an employee of Colonial Cafeteria, and the Continental Casualty Company, the insurance carrier of the employer. Mrs. Roach alleges she slipped on a wet spot at the place of her employment on June 1, 1958, and that the fall caused an injury to her neck and head.

The jury found in answer to Special Issue No. 1 that Mrs. Roach did not sustain an accidental injury to her head and neck at the time and place in question. The jury further found in response to other issues submitted that Mrs. Roach did

not sustain any incapacity to labor as a result of the alleged injury, and that the incapacity was the result of disease, infection or other bodily infirmities wholly disconnected from the alleged accidental injury on June 1, 1958. Based upon the jury findings, the trial court rendered judgment that Annie Alice Roach and her husband take nothing. They duly perfected this appeal and have brought forward one point of error.

■ By appellants' sole point of error, it is contended the jury verdict was based solely on bias and prejudice, and was not supported by any evidence or, alternatively, insufficient evidence. The appellant, Annie Alice Roach, was the only witness to testify concerning her fall and striking her head and shoulder against a doorway. Conflicting testimony by two doctors and lay witnesses was presented concerning her condition after the alleged accident and up to the time of the trial. No other witness was presented who testified concerning the actual fall of the appellant. Mrs. Roach, of course, was an interested witness. Although the jury has no right to arbitrarily disregard positive testimony of uncontradicted witnesses, the fact that a witness is interested in the result of a suit is sufficient to submit that witness' credibility to the jury. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Texas Employers' Ins. Ass'n v. Humphrey, Tex.Civ.App., 140 S.W.2d 313. Here it became the duty of the jury to pass on the credibility of the witnesses and after having done so, found Mrs. Roach did not receive an accidental injury on the date alleged.

■ It was undisputed that the appellee insurance carrier paid appellant eleven weeks of compensation at the rate of $19.25 per week. It is well settled that an insurance carrier is not estopped to deny liability by the making of weekly workmen's compensation payments to a claimant pending further investigation. Southern Underwriters v. Schoolcraft, 138 Tex. 323,

158 S.W.2d 991; Superior Ins. Co. v. Griffin, Tex.Civ.App., 323 S.W.2d 607; Lopez v. Associated Employers Ins. Co., Tex.Civ.App., 330 S.W.2d 522.

■ Another well-established rule of law is that an appellate court can not substitute its judgment for that of a jury on disputed issues of fact. Linney v. Wood, 66 Tex. 22, 17 S.W. 244; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792; Holmes v. American General Ins. Co., Tex.Civ.App., 263 S.W.2d 615. It was the province of the jury to disregard Mrs. Roach's testimony. It is apparent that the jury did so. We are therefore of the opinion this court is bound by the jury findings. After carefully reviewing the record and all the testimony, we are of the opinion that the answers to the special issues were supported by the evidence and that such answers require that a judgment be entered that appellants take nothing.

Judgment of the trial court is affirmed.