**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,**

v.

**Alvis HALE, Appellee.**

**No. 14366.**

Court of Civil Appeals of Texas.

San Antonio.

April 7, 1965.

Rehearing Denied May 5, 1965.

Atlas, Freeland, Schwarz & Gurwitz, Gary Gurwitz, Morris Atlas, McAllen, for appellant.

Gordon Wellborn, Rex Houston, Henderson, Arnulfo Guerra, Roma, Emilio Gutierrez, Rio Grande City, for appellee.

MURRAY, Chief Justice.

This is a death action case brought under the Texas Workmen's Compensation Law for the death of Otis O. Hale. Hale allegedly was injured on January 31, 1963, and died on February 16, 1963. Mrs. Alvis Hale, plaintiff below and appellee here, contends that her husband was accidentally injured when he was caught in some pumping equipment on the Perez Lease at well No. 6, while working for his employer, the Sun Oil Company, that such injuries were sustained in the course of his employment and caused his death. Hale was hospitalized on January 31, 1963, and discharged February 6, 1963; he was re-hospitalized on February 15, 1963, and died the following day of a heart attack, allegedly caused by the injury.

The trial was to a jury and, based upon the verdict of the jury, judgment was rendered in favor of Mrs. Hale in the total sum of $11,634.87, from which judgment the Hartford Accident and Indemnity Company, the insurance carrier for Sun Oil Company, has prosecuted this appeal.

Appellant by its first eighteen points contends that appellee, Mrs. Alvis Hale, failed to establish by legal admissible evidence that her husband, Otis O. Hale, received an accidental injury in the course of his employment as an oil field maintenance mechanic on January 31, 1963, which caused his death on February 16, 1963, and that the court erred in not giving appellant an instructed verdict or a judgment non obstante veredicto.

The evidence shows that Hale did receive an injury on January 31, 1963, and that Hartford Accident and Indemnity Company, as insurance carrier for Sun Oil Company, began paying workmen's compensation benefits to him before his death. In an abandoned pleading which was introduced in evidence appellant alleged that Hale did receive an accidental injury on January 31, 1963. After Hale died and Mrs. Hale filed suit for death benefits, appellant made no further payments of workmen's compensation. The trial court admitted in evidence certain statements made by Hale to his foreman, L. E. Nix, and his superintendent, Robert G. Denyer, on the day he was injured. Unless these statements were admissible under the res gestae doctrine, they were hearsay and should have been excluded. Hale left home on the morning of January 31, 1963, at about 6:45 a. m., and should have arrived at the oil lease where he worked by 7:00 a. m. His working hours were from 7 a. m. to 3:30 p. m. Nobody saw Hale at work that day. Sometime before 12 o'clock noon on that day Hale appeared at the Company office and reported he had been injured. This report was made to L. E. Nix, who was Hale's foreman. Nix was permitted to testify over appellant's objection, that on January 31, 1963, sometime between ten and twelve in the morning, Hale walked into the office and began telling him what he had found wrong with Perez Well No. 6. He stated that he had found water in the crank-case, and that he had taken the plug out to release the water, and to keep it from getting on his clothes he stepped

back and put the plug back in, and as he did so the counterweight came down and pinned him against the Sampson post and mashed him. Nix said he was reading a letter from his mother at the time, and had not looked at Hale, but when he said he had been mashed he turned and looked at Hale and asked him how badly he was hurt, and he said he didn't know because he hadn't looked. Nix had him go back into his office and pull down his pants. Nix then saw that Hale was hurt in his groin and his buttocks and suggested that he go to a doctor. Hale did not want to go to a doctor or a hospital, but finally consented to go. However, he insisted on going by his home and changing his clothes first. Hale did not tell Nix how long it had been from the time he got hurt until the time he got to the office, but he did tell Nix that he came to the office as soon as he got in his pickup, and that his pickup was right there. Under normal conditions the trip would take fifteen minutes. There is nothing to show when the accident occurred. It could have happened any time after Hale left home that morning and the time he arrived at Nix's office. Hale was pinned between the counterweight and the Sampson post, and there is no evidence as to how he extricated himself from this trap. The above testimony was read from Nix's deposition, and after appellant rested its case, Nix was called to the stand and testified in person. Nix stated that the first part of Hale's conversation did not relate to his injury; that he talked three or four minutes before he mentioned being hurt; that Hale was talking naturally; that he was not excited or in a hurry, his talk was just normal. Nix testified that Hale appeared to him that he had been in an accident, and appeared to be in pain, but he did not want to go to a doctor or the hospital, and insisted on going by his home to change his clothes before going to the doctor. Nix further stated that all of his testimony was based entirely upon what Hale told him.

We conclude the statements made by Hale to Nix were hearsay, and not ad-

missible under the res gestae doctrine. The burden of proof was upon appellee to show that these statements were made under such circumstances as to bring them under the res gestae doctrine. Skillern & Sons, Inc. v. Rosen, 359 S.W.2d 298 (Tex.1962); Parking, Inc. v. Dalrymple, Tex.Civ.App., 375 S.W.2d 758; Myers v. Cliff Hyde Flying Service, Inc., Tex.Civ.App., 325 S.W. 2d 841. This she has not done.

■ For statements to be admitted under the res gestae doctrine they must have been spontaneous exclamations as distinguished from a mere narrative of a past event made when the declarant's condition was such that it need not be concluded that it was the transaction itself speaking. Spontaneity is a necessary and controlling factor. Pacific Mutual Life Ins. Co. of California v. Schlakzug, 143 Tex. 264, 183 S.W.2d 709. There was nothing spontaneous or impulsive about Hale's statements. It would seem that he had an accident and was calmly reporting it to his foreman. Such a report is clearly hearsay as to appellant, and not admissible as res gestae. The accident might have happened several minutes or several hours before it was reported. Duncan v. Smith, Tex.Civ.App., 376 S.W.2d 877.

■ After Hale had reported to Nix he was taken into the office of Robert G. Denyer, the superintendent, and about the same report was made to him. Denyer could not remember whether Nix or Hale did the talking. Clearly this testimony was hearsay and was not shown to come under the res gestae doctrine and should have been excluded.

■ There was evidence in the record that the insurer had paid $50.00 in compensation to Hale before his death on February 16, 1963. By making this payment appellant was not estopped to deny liability. Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991; Roach v. Continental Casualty, Tex.Civ.App., 336 S.W.2d 811; Lopez v. Associated Employers, Tex. Civ.App., 330 S.W.2d 522; Davis v. Texas Employers Ins. Ass'n., Tex.Civ.App., 257 S.W.2d 755. In explanation of this payment of $50.00 as compensation, appellant called as a witness Robert C. Frank, its claim manager for the Valley area, including Starr County where Hale was supposed to have been injured, and he testified that he delivered the $50.00 check payable to Otis Hale to the Sun Oil Company at its request, and at that time he had not completed his investigation of the claim, nor had he determined the facts or circumstances of the alleged accident. In the light of this explanation, the delivery of the check was little or no evidence that Hale had received an accidental injury on January 31, 1963, in the course of his employment by Sun Oil Company.

■ Appellee introduced in evidence abandoned pleadings in which appellant alleged that Hale had received an accidental injury, but such allegation did not amount to a judicial admission that Hale had received an accidental injury, and was no admission at all that the injury was received in the course of Hale's employment. In view of the entire record, it is quite clear that the admission of this hearsay evidence on the all-important question of whether or not Hale had received an accidental injury in the course of his employment with Sun Oil Company was very prejudicial to appellant, and therefore the judgment will be reversed, and due to the fact that there is some evidence, to-wit, the allegation in the abandoned pleading and the payment of compensation to Hale by the insurer, judgment will not be here rendered but the cause will be remanded for a new trial.

In view of another trial, we will not discuss the other points presented by appellant.

Reversed and remanded.