**The TRAVELERS INSURANCE COMPANY,**
**Appellant,**

**v.**

**Coy L. SIDES, Appellee.**

**No. 16717.**

Court of Civil Appeals of Texas.

Dallas.

April 15, 1966.

Rehearing Denied May 20, 1966.

Thompson, Knight, Simmons & Bullion, Frank Finn, Jr., and George C. Chapman, Dallas, for appellant.

Yarborough, Yarborough & Johnson, Donald V. Yarborough, Dallas, for appellee.

DIXON, Chief Justice.

Appellant The Travelers Insurance Company appealed to a district court from an award of the Industrial Accident Board. Appellee Coy L. Sides filed his Original Answer and Cross-Action in which he alleged compensable injuries resulting in total incapacity.

Following a jury verdict the court rendered judgment for appellee Sides for $35 per week for 401 weeks. The amount was based on an average weekly wage rate of $98.36.

The jury found that appellee had not worked at least 210 days during the year immediately preceding his injury (Special Issue No. 13); that there was not another employee of the same class as appellee who had worked at least 210 days during said year (Special Issue No. 15); and that a fair and just weekly wage for appellee for said year would be $98.36 (Special Issue No. 17).

In its second, third and fourth points and in its eighth point appellant says that there were no proper pleadings to support the submission of Special Issues Nos. 15 and 17. We agree with appellant.

In his cross-action appellee's pleading in regard to his wage rate was as follows:

"* * * that at the time of said injuries his average weekly wage was $160.-00; *that he is entitled to have his average weekly wages calculated at a figure of*

*$160.00 and 60 per cent is in excess of $35.00 (the maximum amount provided by law)."* (Italics ours.)

Appellant excepted to the italicized portion of the above pleading. The exception was sustained by the court. Appellee thereafter filed a supplemental answer and a trial amendment, but these additional pleadings contain no allegations pertaining to appellee's average weekly wage rate. In that regard appellee's only pleading remaining after the court sustained appellant's exception and the pleading on which he went to trial is his allegation that "at the time of said injuries his average weekly wage was $160.00." Appellee did not plead any of the three provisions of Article 8309, Section 1, Vernon's Ann.Civ.Statutes which furnish the basis for computing a claimant's average weekly wage rate.

Appellant objected to the submission of Special Issues Nos. 15 and 17 on the ground that there were no pleadings to support the submission of the issues; and to the submission of Issue No. 17 on the ground that it was submitted unconditionally without relation to the requirements of the Workmen's Compensation Law in regard to the duty of appellee to negative Subdivisions 1 and 2 of Article 8309, Section 1. These objections were carried forward into appellant's amended motion for new trial.

■ In Griffin v. Superior Ins. Co., 161 Tex. 195, 338 S.W.2d 415, 418, our Supreme Court said, "In order that plaintiff may recover under Subdv. 3, § 1, Art. 8309, it is necessary for the plaintiff to *plead* and *prove* facts that will prevent either Subdv. 1 or Subdv. 2 of this Article from applying." (Emphasis added.) In Globe Indemnity Co. v. McClurg, 38 S.W.2d 125, 127 (Tex.Civ. App., error dism.) it was held that it is the duty of a claimant to plead the facts with reference to Subdivisions 1, 2 and 3 of Section 1, Art. 8309, V.A.C.S.; and his failure to do so makes his pleading subject to exceptions. See also Employers' Liability Assurance Corp. v. Zobal, 21 S.W.2d

698 (Tex.Civ.App., no writ hist.); Federal Surety Co. v. Shigley, Tex.Civ.App., 7 S. W.2d 607; Rule 301, Texas Rules of Civil Procedure. Appellee's pleadings do not support the submission of Special Issues Nos. 15 and 17.

Appellee argues that even if the issues are not raised by the pleadings but are tried by consent of the parties they are treated as if they had been raised in the pleadings and a failure to amend does not affect the result of the trial. Appellee cites Rule 67, T.R.C.P. and McKenzie v. Carte, Tex.Civ.App., 385 S.W.2d 520.

■ The situation in the McKenzie case, a nonjury trial, differs in material respects from the situation in this case. The rule applicable here is that stated by our Supreme Court in Harkey v. Texas Employers' Ins. Ass'n, 146 Tex. 504, 208 S.W.2d 919:

"Certainly issues are not *tried* merely by the hearing of the testimony thereon; submission to the jury undoubtedly is part of the process. So, although the complaining party does not object to the testimony on the issues but does object to their submission on some tenable ground, he cannot be regarded as impliedly consenting that they be tried when not raised by the pleadings, as contemplated by Rule 67."

Appellant's second, third, fourth and eighth points are sustained.

In its seventh and tenth points appellant alleges that the court erred in entering judgment on the jury's answers to Special Issues Nos. 15 (in regard to Subdivision 2) and 17 (in regard to Subdivision 3) because said answers were against the great weight and preponderance of the evidence. We agree with appellant.

■ Before appellant was entitled to rely on Subdivision 3 of the statute it was necessary for him to show that neither Subdivision 1 or 2 was applicable. With

reference to Subdivision 1 the testimony was as follows:

"Q. In your carpenter work, in the year preceding July 8, 1963, this would be from July 8, 1962 to July 8, 1963, had you done carpenter work similar to this for as much as 210 days?

"A. I doubt it."

The above answer is not sufficient to negative Subdivision 1.

■ Though he had not leaped the hurdle interposed by Subdivision 1 appellee attempted to show that Subdivision 2 was not applicable in his case. The testimony pertaining to Subdivision 2 was as follows:

"Q. Well, why wouldn't you have worked as much as 210 days in the preceding year?

"MR. FINN: I am going to object to counsel arguing with his own witness; again leading and suggesting; he doesn't like an answer, I submit to you, it is improper.

"THE COURT: Sustained. * * *

"MR. YARBOROUGH: Well, Your Honor, I think I can—excuse me, Your Honor, I think that I can show that it is relevant to something else to follow.

"THE COURT: Something else to follow?

"MR. YARBOROUGH: Yes, sir, under the second subdivision of the Compensation Act on wages.

"THE COURT: Somebody else?

"MR. YARBOROUGH: Yes, sir.

"THE COURT: Well, if you want to prove what somebody else did, all right.

"Q. (By Mr. Yarborough) Mr. Sides, what—will you tell the jury what the nature of carpenter work is such as you were doing with relationship—how continuous it is?

"A. Some homes will last approximately three months at a time to build; some remodel jobs may be one or more days.

"Q. Well, in a year's time, in the year from July 8, 1962, to July 8, 1963, do you know of anyone in Dallas County or this vicinity, doing the same or similar work to that which you were doing, who worked as much as 210 days in that year?

"A. I do not.

"MR. FINN: We object, this question is improper, it is irrelevant and immaterial, it is not the test, Your Honor.

"THE COURT: Overruled.

"MR. FINN: Exception.

"Q. (By Mr. Yarborough) What was your answer to that?

"A. I do not know.

"Q. Will you tell us why you did not work as much as 210 days in the year immediately preceding July 8, 1963, at carpenter work—

"MR. FINN: Excuse me.

"Q. (By Mr. Yarborough)—in Dallas County or this vicinity?

"MR. FINN: Excuse me. I have the same objection, Your Honor, as previously made, it is irrelevant and immaterial, it is related to no issue and no inquiry, and it is leading and suggestive.

"THE COURT: I will let him testify in reference to Number 2. Go ahead.

"Q. (By Mr. Yarborough) Will you answer that, please, sir?

"A. There are several things. One is weather. The next is deliveries of material, and temporary caught-up between jobs.

"Q. Is it—will you tell the jury whether or not this is the prevailing condition

for carpenters in this, that do the type of work you do?

"A. Yes, sir."

The above quoted evidence was insufficient to support the jury's answer to Special Issue No. 15. This is especially true since appellee had not negatived Subdivision 1.

In Texas Employers' Ins. Ass'n v. Ford, 153 Tex. 470, 271 S.W.2d 397, 399 our Supreme Court was confronted with a situation similar in some respects to that with which we are faced here. In the Ford case the testimony in regard to Subdivision 2 was as follows:

"'Q. Do you know any of the employees who were working for Lay Construction at that time? A. Yes sir.

"'Q. Do you know if any of those employees had worked for Lay Construction Co. for a period of a year preceding your accident? A. No sir.

"'Q. Do you know if any employees in the same or similar employment in this neighborhood had been working for a year in that type of employment in which you were engaged? A. No, sir.'"

The court held that the above evidence "clearly does not eliminate Subsection 2. The case should therefore be retried." See also Indemnity Ins. Co. of North America v. Redic, 344 S.W.2d 936 (Tex.Civ.App. no writ hist.); Iowa Mutual Ins. Co. v. Redden, 326 S.W.2d 727 (Tex.Civ.App., Writ ref., n. r. e.); Superior Ins. Co. v. Griffin, 323 S.W.2d 607 (Tex.Civ.App.), affirmed Griffin v. Superior Ins. Co., 161 Tex. 195, 338 S.W.2d 415 (S.Ct.); Texas Employers' Ins. Ass'n v. Hammond, 278 S. W.2d 503 (Tex.Civ.App., no writ hist.); Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80 (S.Ct.).

■ In his first counter point appellee argues that since appellant voluntarily paid weekly compensation to appellee at the rate of $35 per week for 18⅞ weeks, which

it has never challenged, the compensation rate was determined as a matter of law; and though issues were submitted to the jury, they were not necessary.

Appellee's contention is contrary to holdings of our Supreme Court. Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991; Superior Ins. Co. v. Griffin, 323 S.W.2d 607 (Tex.Civ.App.). In the Griffin case Superior Insurance Company had voluntarily paid the claimant $35 per week for 22 weeks. The Court of Civil Appeals held that by making said payments Superior Insurance Company had not admitted the claimant's compensation and wage rate and had not relieved claimant of his burden to establish his rate under Article 8309. When the case reached the Supreme Court the judgment of the Court of Civil Appeals was affirmed, though Justice Greenhill dissented on the ground that the payments by the insurance company constituted some evidence that the amount paid is a correct one. Griffin v. Superior Ins. Co., 161 Tex. 195, 338 S.W.2d 415. Appellant's points seven and ten are sustained.

■ In its fifth, sixth, ninth and seventeenth points appellant asserts that there was no evidence to support the submission or to support the jury's answers to Special Issues Nos. 15 and 17. We have already held that the evidence was insufficient to support the jury's answers to said issues. Such holdings require us to reverse and remand the cause for a new trial. Therefore, we shall not pass on appellant's fifth, sixth, ninth and seventeenth points as to no evidence. For we are convinced that even if we were to say that there is no evidence to support the submission or answers to said issues, we should nevertheless reverse and remand this cause, not reverse and render judgment. Godwin v. Texas Employers' Ins. Ass'n, 145 Tex. 100, 195 S.W.2d 347 (S.Ct.); Atlantic Ins. Co. v. Boyette, 342 S.W.2d 379 (Tex.Civ.App., writ ref., n. r. e.); Pelham Mfg. Co. v. Ridlehuber, 356 S.W.2d 502 (Tex.Civ.App., writ ref.,

n. r. e.). Moreover, such disposition of the appeal is in keeping with the prayer of appellant, who asks only that the judgment be reversed and the cause remanded for another trial.

In its eleventh, twelfth, fourteenth and fifteenth points appellant claims error of the court in overruling its motion for judgment *non obstante veredicto* on the ground either of no pleadings or no evidence to support the jury's answers to Issues Nos. 15 and 17. For reasons stated above we see no need to pass on these points.

In its thirteenth and sixteenth points appellant charges that the court erred in overruling its motion for judgment *non obstante veredicto* because the submission of Issues Nos. 15 and 17 and the jury's answers thereto were against the overwhelming weight and preponderance of the evidence. Motions *non obstante veredicto* are not to be sustained on the above grounds. In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660 (S.Ct.); Calvert, " 'No Evidence' and 'Insufficient Evidence' Points of Error", 38 Texas L.Rev. 361. See also concurring opinion in Wood v. American Security Life Ins. Co., 304 S.W.2d 559, 565.

In its eighteenth point appellant says that the court erred in overruling its objections and exceptions and in permitting appellee to read to the jury that part of appellee's answer wherein it was alleged that the maximum compensation claimant could recover was $35 per week for 401 weeks in the amount of $14,035.

So far as we know our Supreme Court has not passed on this question. Several Courts of Civil Appeals have frowned on a similar practice, but have not found it to constitute reversible error. Appellant's eighteenth point is overruled.

The judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.