Willie B. THOMPSON, Appellant,

v.

The TRAVELERS INSURANCE COM-
PANY, Appellee.

No. 302.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 21, 1970.

Hellmut A. Erwing, Gordon J. Kroll,
Eddington, Kroll, Friloux & Smith, Hous-
ton, for appellant.

Stephen A. Wakefield, Baker, Botts,
Shepherd & Coates, Houston, for appellee.

SAM D. JOHNSON, Justice.

Workmen's compensation case.

Appellee, Travelers Insurance Company,
issued a policy of workmen's compensation

insurance to Associated Transfer and Storage Company. Willie B. Thompson was an employee of Associated Transfer. Thompson, alleging that he had sustained an accidental injury in the course and scope of his employment for Associated during the month of July, 1966, brought suit under the workmen's compensation act. Trial was to a jury. Based on jury findings the trial court entered judgment for Thompson in the amount of $1,257 for reasonable and necessary medical expenses allowed by the Workmen's Compensation Act, but denied recovery for either total or partial incapacity under the act.

 Plaintiff's first point of error is directed to the jury finding that the accidental injury was not a producing cause of any total incapacity to the plaintiff. Thompson contends that such finding is clearly wrong and unjust in that it is contrary to the great weight and preponderance of the evidence. For this reason Thompson contends that the cause should be remanded for a new trial. When jury findings are challenged as being contrary to the great weight and preponderance of the evidence it is the duty of the appellate court to examine the records as a whole considering all the evidence relevant to the questioned finding. King v. King, 150 Tex. 662, 244 S.W.2d 660 (1951); Fisher Construction Co. v. Riggs, 160 Tex. 23, 325 S.W.2d 126 (1959); Continental Bus System, Inc. v. Biggers, 322 S.W.2d 1, (Tex.Civ.App.) writ ref., n. r. e.

The record reflects that Thompson has been a laborer most of his life. Prior to the back injury in July, 1966, which he suffered while working at Associated Transfer & Storage Company and which is the subject of this suit, plaintiff had filed claim for three separate injuries suffered on December 2, 1964, March 11, 1965 and April 25, 1966. Each of these prior injuries occurred while he was working for other employers. He also had pneumonia after the injury in March, 1965.

Following the instant injury of July, 1966, which occurred at Associated Transfer, Thompson continued to do heavy work for the remainder of that day. Thereafter, on July 19, 1966, he was hospitalized until August 3, 1966. During this hospitalization it was first discovered that the plaintiff had a bilateral inguinal hernia. He was at that time advised by Dr. Robey to have surgery to repair the hernia. He declined to have such surgery. After release from the hospital he worked at washing cars and, for a short time, as a chauffeur. He lost both jobs due to his back condition. In January, 1967, he was readmitted to the hospital where he remained for about six weeks until February, 1967. During this stay Thompson had surgery to repair the hernia and also on his back. He was admitted to another hospital on March 6, 1967 where he stayed for three days before being removed to a nursing home. After release he worked at odd jobs until he sustained an unrelated on-the-job injury when a jack fell on him and he was hospitalized again. Up until the jack fell on him Thompson stated he had been able to do an honest day's work for an honest day's pay, even after the injury in July, 1966. He is still able to work in light jobs such as pumping gas. Evidence as to the origin and severity of plaintiff's condition was competent and contradictory.

 In a workmen's compensation case the weight and credibility given to both lay and medical witnesses is for the jury to determine. American General Ins. Co. v. Florez, 327 S.W.2d 643 (Tex.Civ.App.) no writ hist.; Texas Employers' Ins. Ass'n v. Cross, 358 S.W.2d 156 (Tex.Civ.App.) writ ref., n. r. e.; Lopez v. Associated Employers Ins. Co., 330 S.W.2d 522 (Tex.Civ.App.) writ ref. Jury findings on conflicting evidence are not adequate grounds for remanding a cause unless the verdict is so overwhelming against the great weight of the evidence that it shocks the conscience or the conclusion reached was the result of some passion, prejudice or improper motive.

Fidelity & Casualty Company of New York v. Moore, 333 S.W.2d 956 (Tex.Civ.App.) no writ hist.; McCrory's Stores Corp. v. Murphy, 164 S.W.2d 735 (Tex.Civ.App.) writ ref., w. o. m. The undisputed facts in this case and the conflicting evidence introduced provide an adequate record, as a whole, from which the jury could reasonably find that the plaintiff's accident in July, 1966, was not a producing cause of any total incapacity. To hold otherwise would be to circumvent the findings of fact that juries are empaneled to make.

 Appellant also contends that the jury's finding of a total of $1,257 in medical bills relative to his injury of July, 1966, is arbitrary and ignores several medical bills incurred after the injury. Plaintiff has an extended list of complaints relative to his physical condition. He has a degenerative disc which testimony shows could have resulted from any number of prior events including accidents prior to July, 1966, pneumonia and even the age of the appellant. Certain hospital medical bills could be attributed to the hernia operation which the jury was instructed not to consider. Some hospitalization by competent medical testimony was stated to have been altogether unnecessary. From these facts the jury could well have set an amount less than the total medical bills as being attributable to his on-the-job injury. Indeed, it is the jury's function to make such determinations.

Thompson further complains of the jury finding that February 6, 1967, was the beginning date of his partial permanent disability and that the three earlier injuries each contributed to his disability. Considering the plaintiff's full medical history and the presence of the hernia, the jury could well select the indicated date for the beginning of any disability. In any event, the jury also found, and such finding is not contested, that plaintiff's wage earning capacity was $75.00 per week after the injury and his wage earning capacity before the injury was stipulated to have been

only $56 per week. Therefore, the jury findings complained of in these two points of error are immaterial to the judgment. Jury findings on immaterial issues may be disregarded. American Mutual Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844 (1945).

Each of appellant's points of error is overruled and the judgment of the trial court is affirmed.