**Rodolfo de la FUENTE, Appellant,**

v.

**TEXAS GENERAL INDEMNITY COMPANY, Appellee.**

**No. B2167.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 21, 1979.

Don R. Caggins, Houston, for appellant.

Robert D. McPherson, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

This is a worker's compensation case. On December 28, 1976, Rodolfo de la Fuente, appellant, was injured while working for American Building Maintenance Company. Texas General Indemnity Company, appellee, was the worker's compensation insurance carrier. At the trial of appellant's suit against the carrier the jury found the injury produced no total incapacity but produced partial incapacity from December 28, 1976, to August 16, 1977. The jury also found appellant's average weekly earning capacity during the period of partial incapacity to be $110.00. The parties had stipulated the average weekly wage of $239.71 for the year preceding the date of injury. They also stipulated that the insurance company had paid $770.00 to appellant in weekly compensation benefits. The trial court rendered judgment for appellant in the sum of $1,771.00. This was the proper amount under the stipulations and the jury verdict.

In this court appellant contends that the jury findings of partial incapacity and no total incapacity are contrary to the greater weight and preponderance of the evidence.

Whether an employee is totally or partially incapacitated is usually a question for the jury. *Aetna Casualty & Surety Company v. Brewer*, 411 S.W.2d 629 (Tex. Civ.App.—Amarillo 1966, writ ref'd n. r. e.); *Thompson v. Travelers Insurance Company*, 449 S.W.2d 846 (Tex.Civ.App.—Houston [14th Dist.] no writ).

In *Thompson, supra,* there was competent and contradictory evidence as to the origin and severity of the plaintiff's condition. There was also evidence of past injuries, some work related and some not. This court held in that case that the undisputed facts and the conflicting evidence introduced provided an adequate record, as a whole, from which the jury could reasonably find that the plaintiff's accident made the basis of that suit was not a producing cause of any total incapacity.

In the case now before this court there was conflicting evidence from both medical and lay witnesses concerning the extent and duration of incapacity of Rodolfo de la Fuente. There was also evidence of past injuries.

We have examined the record as a whole, and we hold that the jury finding of no total incapacity is not contrary to the greater weight and preponderance of the evidence.

There was testimony by two doctors that no permanent disability resulted to appellant from the claimed injury. One of these doctors was selected by the insurance company. The other was selected by appellant's family doctor. In the opinion of one of these experts appellant was able to return to work without any restrictions by March 16, 1977. The other doctor stated that in his opinion the appellant could return to work as a truck driver by May 23, 1977 but should not do heavy lifting. Neither of these doctors testified that in his

opinion appellant's incapacity was ever total.

A third doctor, appellant's family doctor, testified that appellant had some permanent incapacity from his injury, but even this doctor never testified that the plaintiff was ever totally incapacitated. The family doctor testified that in his opinion appellant was incapable of doing work as a truck driver and as a welder. This was work which appellant actually had done from August, 1977, until the time of the trial. In the opinion of the family doctor if appellant had done such work, it could mean that he either did not have a significant back problem or that he had a high pain tolerance.

There was other evidence raising questions of appellant's credibility regarding his complaints. In at least one doctor's opinion the subjective complaints were not consistent with the objective findings.

The jury, in weighing all the conflicting evidence, was entitled to make the findings of no total incapacity and of partial incapacity; and such findings will not be set aside as contrary to the greater weight and preponderance of the evidence.

■ Even if the jury findings were contrary to the greater weight and preponderance of the evidence, reversal would not follow in this case because appellant clearly has suffered no harm from the findings. Appellant's only contention here is that the evidence showed that appellant was totally incapacitated from December 28, 1976, to August, 1977. The trial court's judgment awarded compensation benefits at the maximum rate under the law for the period from December 28, 1976, to August 16, 1977. This was proper under the findings of partial incapacity. Appellant could not have been awarded more if the jury had found total incapacity during such period of time. Therefore, under Texas Rule of Civil Procedure 434 any error in basing the amount of compensation benefits on the findings of partial incapacity was harmless and would not require reversal.

In appellant's remaining point he contends that the jury finding of an average weekly wage earning capacity of $110.00 during the period of partial incapacity conflicts with the findings of partial incapacity because the average weekly wage paid to appellant before the injury was $110.00. This point has no merit. While the appellant testified at one point that at sometime during his employment at American Building Maintenance Company he earned $110.00 a week, it was clear from other testimony of appellant that such amount was not his average weekly wage during the year before the accident. Furthermore, the parties stipulated that the average weekly wage for the year before the accident was $239.71. Under the evidence and the stipulation there was no conflict in the jury's findings. Therefore, this point of error is overruled.

We find no merit in any of the points of error urged by appellant and affirm the judgment of the court below.